ARTHUR H. FLYNN, JR. *vs.* CONTRIBUTORY RETIREMENT
APPEAL BOARD & another.[1]

Middlesex.　March 14, 1984. — March 29, 1984.

Present: KASS, HALE, & SMITH, JJ.

*Administrative Law,* Judicial review.　*Jurisdiction,* Judicial review of admin-
istrative action.

A Superior Court judge lacked power to extend the thirty-day period provided
by G. L. c. 30A, § 14 (1), within which a claimant might have sought ju-
dicial review of a decision of the Contributory Retirement Appeal Board.
[669-670]

CIVIL ACTION commenced in the Superior Court Department
on April 2, 1982.

A motion to waive the thirty-day time limit for commence-
ment of an action for judicial review of an administrative
agency decision was allowed by *Pierce,* J.　The case was heard
by *Kopelman,* J., a Probate Court judge sitting under statutory
authority.

*William H. Carroll,* Assistant Attorney General, for Con-
tributory Retirement Appeal Board.

*Vincent A. Murray, Jr.,* for the claimant, submitted a brief.

*Joseph P. Donahue, Jr.,* for Middlesex County Retirement
Board, submitted a brief.

KASS, J.　On July 29, 1980, the Contributory Retirement Ap-
peal Board promulgated a decision adverse to the claimant, Ar-
thur H. Flynn, Jr.　Approximately twenty months later, on
April 2, 1982, the claimant filed a complaint seeking judicial
review of the agency decision under G. L. c. 30A, § 14.

Persons aggrieved by a final decision of an administrative
agency in an adjudicatory proceeding must institute proceedings

---

[1] Middlesex County Retirement Board.

for judicial review in the Superior Court "within thirty days after receipt of notice of the final decision of the agency." G. L. c. 30A, § 14(1), as amended by St. 1976, c. 411, § 1. The claimant does not contest receipt of notice of the decision of July 29, 1980, and, indeed, recognized the obstacle to his action by filing a "motion to waive the thirty-day appeal period." The motion was allowed. It should not have been allowed because the thirty-day limitation upon the filing of actions seeking review of administrative agency action is jurisdictional in nature and, hence, not susceptible to extension except in the limited fashion provided for in § 14(1).

That timely filing under G. L. c. 30A, § 14, is a jurisdictional requirement was commented upon in *Westland Housing Corp.* v. *Commissioner of Ins.*, 346 Mass. 556, 558 (1963). In *Cohen* v. *Board of Registration in Pharmacy,* 347 Mass. 96, 98 (1964), the court compared the "minimal requirements for jurisdiction under subsection (1)" with the nonjurisdictional service of process requirements which then appeared in § 14(2).[2] More recently, in *Schulte* v. *Director of the Div. of Employment Sec.*, 369 Mass. 74, 79 (1975), the court identified "attempted institution of an appeal seeking judicial review of an administrative decision after expiration of the period limited by a statute or rule" as a prime example of an error or omission "seen on [its] face to be so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal." The *Schulte* opinion then goes on to consider occasions when a procedural misstep need not be fatal. *Id.* at 79-80.

Federal courts, when considering proceedings under analogous Federal statutes, have come to the same conclusion. *Microwave Communications, Inc.* v. *Federal Communications Commn.,* 515 F.2d 385, 389 (D.C. Cir. 1974) ("It is beyond cavil that these limitations are jurisdictional and unalterable"). *Chem-Haulers, Inc.* v. *United States,* 536 F.2d 610, 613-614 (5th Cir. 1976). *B. J. McAdams, Inc.* v. *Interstate Commerce Commn.,* 551 F.2d 1112, 1114 (8th Cir. 1977). *Pennsylvania*

---

[2] The old text of subparagraph 2 appears in n.2 of *Cohen* v. *Board of Registration in Pharmacy, supra.*

v. *Interstate Commerce Commn.,* 590 F.2d 1187 (D.C. Cir. 1978). *P.A.K. Transp., Inc.* v. *United States,* 613 F.2d 351, 353 n.1 (1st Cir. 1980). *Natural Resources Defense Council* v. *Nuclear Regulatory Commn.,* 666 F.2d 595, 602 (D.C. Cir. 1981). The similar view which appears in the Federal cases may rest in part upon Fed.R.A.P. 26(b), which prohibits the grant by Federal appellate courts of enlargements of time for filing a petition to review action of an administrative agency.

When there is a lack of jurisdiction, "waiver or consent cannot confer it." *Second Bank — State St. Trust Co.* v. *Linsley,* 341 Mass. 113, 116 (1960). It is our duty to note and decide a jurisdictional question, "regardless of the point at which it is first raised," and whether any party has raised it. *Litton Bus. Sys., Inc.* v. *Commissioner of Rev.,* 383 Mass. 619, 622 (1981). See Mass.R.Civ.P. 12(h)(3), 365 Mass. 757 (1974).[3] The allowance of the motion to waive the thirty-day limitation was ineffectual. A party who desires to extend the time for appealing from an agency decision may do so under § 14(1) by a *timely* petition for rehearing (in which case the § 14 appeal must be commenced within thirty days after receipt of notice of agency denial of the petition for rehearing) or by leave of court for good cause shown "[u]pon application made within the thirty-day period or any extension thereof." G. L. c. 30A, § 14(1). The claimant availed himself of neither alternative.

The judgment entered in the Superior Court[4] is vacated. A new judgment shall be entered dismissing the action for want of jurisdiction. Neither party shall have costs of the appeal.

*So ordered.*

---

[3] Mass.R.Civ.P. 12(h)(3) provides: "Whenever it appears by suggestion of a party or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

[4] The judgment affirmed the decision of the Contributory Retirement Appeal Board and, as such, was adverse to the appellant. We note, parenthetically, that we saw no merit in the substantive aspect of the appeal.