MICHAEL J. FOLEY *vs.* THE LOWELL SUN PUBLISHING
COMPANY.[1]

No. 87-478.

Middlesex. January 19, 1988. — February 23, 1988.

Present: GRANT, CUTTER, & ARMSTRONG, JJ.

Further appellate review granted, 402 Mass. 1102 (1988).

*Libel and Slander.*

A statement in a newspaper article that a certain person had been arrested
"after assaulting a police officer when he arrived on the scene," when
viewed in context of the entire article, could not properly be interpreted
by the reasonable reader as accusing the person of having assaulted an
officer, as contrasted with merely reporting the undisputed fact that the
person had been arrested on a charge of assaulting an officer and, con-
sequently, the offending statement fell within the scope of the conditional
privilege set forth in Restatement (Second) of Torts § 611 and endorsed
by the Supreme Judicial Court in *Jones* v. *Taibbi*, 400 Mass. 786,
794-795 (1987) [417-419].

CIVIL ACTION commenced in the Superior Court Department
on February 4, 1986.

The case was heard by *Hiller B. Zobel*, J., on a motion for
summary judgment.

*Robert L. Hernandez* for the plaintiff.

*Robert H. Goldman* for The Lowell Sun Publishing Com-
pany.

*David C. Jenkins* for Roger Lamothe.

---

[1] The complaint, which was filed on the last day permitted by the statute
of limitations, names as additional defendants a "John Doe, Reporter" and
a Lowell police officer by the name of Lamothe. One Stout was later
identified as the reporter and joined as a party defendant, but the action
was then dismissed as to him by agreement. As the plaintiff's brief on
appeal nowhere complains of so much of the judgment as disposes of the
action as to Lamothe (who is not shown to have been responsible for the
publication of the article in question), we treat the Lowell Sun as if it had
been the only defendant named in the complaint.

GRANT, J. The plaintiff has appealed from a summary judgment entered in the Superior Court which dismissed this action for libel brought by reason of the defendant's publication on February 5, 1983, of the newspaper article bearing the headline "Officer assaulted; two men charged" which has been reproduced in the appendix to this opinion. The judge who heard the defendant's motion for summary judgment concluded that the article was defamatory of the plaintiff but allowed the motion because (in his view) the evidence appearing in the affidavits and discovery documents on which the motion was submitted was insufficient to warrant a finding of negligence on the part of the defendant, as required by *Stone* v. *Essex County Newspapers, Inc.*, 367 Mass. 849, 858 (1975), when (as here) the plaintiff is a private person. We affirm, but for a different reason.[2]

The only basis for the action, as stated in the complaint, is that the article defamed the plaintiff by falsely charging him with having committed a crime (see *McAvoy* v. *Shufrin*, 401 Mass. 593, 597-598 [1988]) when it said that the plaintiff had been arrested "after assaulting a police officer when he arrived on the scene."[3] The threshold question, which is one of law, is whether the average reader (see *Pritsker* v. *Brudnoy*, 389 Mass. 776, 782-783 [1983]), taking the quoted statement in context, could properly conclude that it accused the plaintiff of having assaulted a police officer as opposed to simply reporting the undisputed fact that the plaintiff had been arrested on a charge of assaulting an officer.[4] See *Thompson* v. *Globe Newspaper Co.*, 279 Mass. 176, 188 (1932); *Jones* v. *Taibbi*,

---

[2] "[W]e are not confined by the issues or theories advanced by the parties. We may decide cases on issues not raised by the parties." *Commonwealth* v. *Elder*, 389 Mass. 743, 746 (1983).

[3] See G. L. c. 265, §§ 13A & 13D.

[4] There is no dispute that the plaintiff was arrested on February 5, 1983, and charged with assault and battery on a Lowell police officer. See *Foley* v. *Lowell Div. of the Dist. Court Dept.*, 398 Mass. 800 (1986), in which the complaint against the defendant for that offence was ordered dismissed for reasons having nothing to do with the merits of the case.

400 Mass. 786, 791-792, 795 (1987). We are of opinion that that question must be answered in the negative.

The headline of the article ("Officer assaulted; two men charged"), taken by itself, is not defamatory of the plaintiff because it does not identify him. *Ricci* v. *Venture Magazine, Inc.*, 574 F. Supp. 1563, 1573 (D. Mass. 1983). The only statement which has evoked the plaintiff's displeasure ("after assaulting a police officer when he arrived on the scene") appears in the first paragraph of the article. However, the substantially similar language of the fourth paragraph of the article ("the two then assaulted Sgt. Roger Lamothe as he arrived on the scene, according to police"), which is not the subject of the plaintiff's complaint, makes clear that the first paragraph does nothing more than paraphrase something reported by the police. That thought is reinforced by the fact that every other part of the article dealing with the facts leading up to the arrest is expressly attributed to the police (see, e.g., "[p]olice said" [used twice]; "said police" [used twice]; and "according to police").[5] The article is found in a column entitled "Police log," which appears to be a daily feature of the defendant's newspaper. The balance of the column is broken down into sections entitled "Alcohol related offenses" and "Arrests." The first of those sections names three individuals seemingly unrelated to the plaintiff and identifies the offence with which each has been charged. The second names five other unrelated individuals and identifies the particular charge on which or the reason why each was arrested. It is only a lack of detail which distinguishes those sections from the article concerning the plaintiff.

---

[5] It is clear from various discovery documents which were before the motion judge that the police had in their possession an official arrest report which set out their version of the facts leading up to the plaintiff's arrest. That report, although marked for identification in the course of two different depositions, has not been reproduced in the plaintiff's record appendix and is thus not before us. See *Kunen* v. *First Agricultural Natl. Bank*, 6 Mass. App. Ct. 684, 687-691 (1978), and *Pastene Wine & Spirits Co.* v. *Alcoholic Beverages Control Commn.*, 401 Mass. 612, 615-616 (1988). However, the tacit assumption underlying a number of the arguments in the briefs is that the newspaper article in question had its origin in some sort of police report.

We are of opinion that no reasonable reader, taking the only statement complained of in context, could properly conclude that the defendant was accusing the plaintiff of having assaulted an officer as opposed to reporting the fact that the plaintiff had been arrested on a charge of assaulting an officer. Compare *Lambert* v. *Providence Journal Co.*, 508 F.2d 656 (1st Cir.), cert. denied, 423 U.S. 828 (1975) (overall text of articles made clear defendant was not imputing guilt as a murderer); *Ricci* v. *Venture Magazine, Inc.*, 574 F. Supp. at 1570-1571 ("The report, although it does not explicitly state that it is based on courtroom observations, is clearly a report of a trial. The article cannot be reasonably interpreted as implying that the statements about Ricci are based on facts occurring outside the trial"). Contrast *Commercial Publishing Co.* v. *Smith*, 149 F. 704, 705, 706-707 (6th Cir. 1907) (jury question whether the article accused the plaintiff of murder or merely stated that he had been arrested for murder). On this record, the offending statement fell within the scope of the conditional privilege delineated in Restatement (Second) of Torts § 611, comment h (1977), and recently endorsed in *Jones* v. *Taibbi*, 400 Mass. at 794-795. See also *MiGi, Inc.* v. *Gannett Mass. Broadcasters, Inc., ante* 394, 396-397 (1988).

*Judgment affirmed.*