MICHAEL J. FOLEY vs. LOWELL SUN PUBLISHING COMPANY
& another.[1]

Middlesex.   October 5, 1988. — January 19, 1989.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Libel and Slander.*

No due process considerations are raised by an appellate court's deciding
     a case on issues or theories different from those raised by the parties.
     [10-11]

The Appeals Court properly and correctly determined as matter of law that
     a statement in a newspaper article reporting an arrest, when read in the
     context of the entire article, was not capable of a defamatory meaning.
     [11-12]

CIVIL ACTION commenced in the Superior Court Department
on February 4, 1986.

The case was heard by *Hiller B. Zobel*, J., on a motion for
summary judgment.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Robert L. Hernandez* for the plaintiff.

*Robert H. Goldman* (*Sharon Anderson Wilson* with him) for
Lowell Sun Publishing Company.

*Gordon P. Ramsey* for Roger Lamothe.

LYNCH, J.   This is an appeal from a grant of summary
judgment by a Superior Court judge in a defamation action[2]
for the defendant, the Lowell Sun Publishing Company (Sun).

---

[1] The complaint named "John Doe," a Lowell Sun reporter, and Roger
Lamothe, a Lowell police officer, as additional defendants. The action
against the reporter was dismissed by agreement of the parties. Summary
judgment was granted in favor of Lamothe.

[2] While the complaint also contained a claim for intentional infliction of
emotional distress, the only issue before us on appeal is the defamation claim.

The original complaint was based on the Sun's publication on February 5, 1983, of a newspaper feature entitled "Police log" and headlined: "Officer assaulted; two men charged." The article reported that Michael J. Foley (Foley) and another man were arrested for assaulting a police officer.[3] Foley contended that the article defamed him by falsely charging him with having committed a crime, because the first sentence of the article stated that the two men had been arrested "after assaulting a police officer when he arrived on the scene." The Superior Court judge ruled that the article *did* state that the men had assaulted the officer, but ruled that recovery was precluded and granted summary judgment for the Sun because Foley had not adduced evidence of the Sun's negligence in publishing the report. The Appeals Court affirmed the judgment, 25 Mass. App. Ct. 416 (1988), but for the separate reason that the statement complained of, when read in the context of the entire article, was not capable of a defamatory meaning because the average reader properly could conclude only that the article reported the undisputed fact of Foley's arrest, and not that the article accused Foley of committing the assault. The Appeals Court further concluded that the statement falls within the conditional privilege of reporting official proceedings.[4] Restatement (Second) of Torts § 611 comment h (1977). We granted Foley's application for further appellate review, and we also affirm.

Foley contends that the Appeals Court erred in deciding to affirm the grant of summary judgment for different reasons from those stated by the Superior Court judge, and for reasons which were neither briefed nor argued by either of the parties on appeal. Because the issue was not raised or addressed by

---

[3] A copy of the entire article is appended to this opinion.

[4] Since we conclude that the article is not defamatory as a matter of law, we need not reach the question whether the statement is privileged as a fair and substantially accurate report of official proceedings. We note, however, that the privilege to report the fact of an arrest has long been recognized in this Commonwealth. See, e.g., *Jones* v. *Taibbi*, 400 Mass. 786, 795 (1987); *Thompson* v. *Globe Newspaper Co.*, 279 Mass. 176, 188 (1932), and cases cited.

the parties before the Appeals Court, Foley claims, the Appeals Court ruling that the statement was not defamatory as a matter of law denied him due process on appeal. We disagree. While an appellate court need not consider an issue not addressed by the parties, the court is not prohibited from so doing, and "may decide cases on issues or theories not raised." *Commonwealth* v. *Elder*, 389 Mass. 743, 746 (1983). See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975).

In addition, in a defamation action a threshold issue is whether the statement is reasonably susceptible of a defamatory meaning, and that determination is a question of law for the court. See *Jones* v. *Taibbi*, 400 Mass. 786, 791-792 (1987), and cases cited. Stated another way "[s]tatements alleged to be libelous must be interpreted reasonably." *King* v. *Globe Newspaper Co.*, 400 Mass. 705, 711-712 (1987), cert. denied, 485 U.S. 940 and 962 (1988). As we have said in another context, this interpretation "requires that the court examine the statement in its totality in the context in which it was uttered or published. The court must consider all the words used, not merely a particular phrase or sentence." *Myers* v. *Boston Magazine Co.*, 380 Mass. 336, 341-342 (1980), quoting *Information Control Corp.* v. *Genesis One Computer Corp.*, 611 F.2d 781, 784 (9th Cir. 1980). After examining the complained-of statement in the context of the entire article — which included both the feature heading "Police log," and the headline which clearly indicates that two men were *charged* with assaulting an officer, as well as five statements of attribution of facts to the police within the eight sentences devoted to the incident involving Foley — we decide that a reasonable reader could not conclude that the Sun was accusing Foley of assaulting the officer. See *Lambert* v. *Providence Journal Co.*, 508 F.2d 656, 658 (1st Cir.), cert. denied, 423 U.S. 828 (1975) (when read in their entirety, articles did not convey defamatory meaning); *Flotech, Inc.* v. *E.I. Du Pont de Nemours Co.*, 627 F.Supp. 358, 367 (D.Mass. 1985). When the statement is read in the context of the article as a whole, its clear meaning is to report that Foley was arrested for assaulting an officer — and not that he either had been convicted of the offense or had

actually committed the assault. In addition, we conclude that once the threshold determination is made that the article is not defamatory, it is unnecessary to decide the issue whether Foley had advanced sufficient evidence of the Sun's negligence to raise a question of fact for the jury. The reporting of the undisputed fact of Foley's arrest on the charge of assaulting an officer is not rendered defamatory by the omission of the word "alleged" in one sentence, where the context of the entire "Police log" column clearly and accurately indicates only the fact that Foley was charged with and arrested for assaulting an officer.

*Judgment of the Superior*
*Court affirmed.*