Neel, J.
Plaintiff Itamar Mourao (“Mourao”) filed this action alleging, inter alia, that defendant The Middlesex News (“Middlesex News"), published defamatory statements about him when it printed an article erroneously identifying him as a person wanted for sexual assault on a child. Middlesex News moves for summary judgment on the grounds that its article was not defamatory as a matter of law, and, alteratively, that the publication was protected by the fair report privilege. Middlesex News also seeks summary judgment as to the remaining counts against it. For the reasons stated below Middlesex News’s motion is allowed in part and denied in part.
BACKGROUND
In March 1995, an officer of the Framingham Police Department informed James Kerstetter, a reporter for Middlesex News, that police were searching for a suspect wanted on charges of sexual assault of a child. Kerstetter went to the police station, where Officer James Harrington told him that he had a police report and an arrest warrant for the suspect, identified as Itamar Pires. Officer Harrington “recited” to Kerstetter information from the police report and arrest warrant, Affidavit of James Kerstetter, but did not give Kerstetter those documents, nor did Kerstetter read them.
Based on Officer Harrington’s statements to him, Kerstetter wrote an article which Middlesex News published under the headline “Man charged with raping 10-year-old,” as part of its “Wanted in Framing-ham” feature. The article reads as follows:
Police are looking for a man they say raped a 10-year-old girl more than four years ago in her home.
The man’s name is Itamar Pires, 61. In the past, he has lied to the police and others about his identity, telling them that he is a Brazilian named Dijalama *359 Andrade. But the real Dijalama Andrade still lives in Brazil, police said.
In 1990, the girl’s mother, along with a counselor, told police that Pires, who was renting a room from her family, forced her to perform sexual acts. The girl’s mother said she once saw him, partially undressed, lying on top of her daughter with a pornographic magazine on the floor next to him.
Before that, Pires had been nice to the girl, acting like her friend and occasionally buying her pizza and candy, police said. But three weeks before he was discovered, partially unclothed, he allegedly forced the girl to commit sexual acts for the first time.
Police received a warrant for Pires’ arrest, and he has yet to stand trial for the alleged crime, according to records. The warrant charges him with rape and abuse of a child under 16, indecent assault and battery of a child under 14 and dissemination of pornographic material, police said.
He has graying black hair, brown eyes, is 5 feet 6 inches tall and weighed 150 pounds at the time of his arrest.
After the article was published, the Framingham police informed Middlesex News that their information about Mourao was incorrect, and that the suspect was Dijalama Andrade, not Itamar Pires.
Mourao filed this action containing six counts against Middlesex News, all based upon the publication of Kerstetter’s article: intentional infliction of emotional distress (Count I), defamation (Count II), violation of civil rights (Count III), negligence (Count V), invasion of privacy (Count VI) and malicious abuse of process (Count VII). Middlesex News moves for summary judgment on all counts against it.
BACKGROUND
Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Regrading v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion . . .” Id. A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991). ”[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
I. Whether the Article Was Defamatory as a Matter of Law
“ [I]n a defamation action a threshold issue is whether the statement is reasonably susceptible of a defamatory meaning, and that determination is question of law for the court.” Foley v. Lowell Sun Publishing Co., 404 Mass. 9, 11 (1989). The general test for defamation is whether the published words tend to injure the plaintiffs reputation or hold the plaintiff up to scorn, hatred, ridicule or contempt in the minds of any considerable and respectable segment in the community. Stone v. Essex County Newspapers, Inc., 367 Mass. 849, 853 (1975). An imputation of crime is defamatory per se. See, e.g., McAvoy v. Shufrin, 401 Mass. 593, 597-98 (1988); Jones v. Taibbi, 400 Mass. 786, 792 (1987).
Middlesex News maintains that the article was not defamatory as matter of law because it merely repeated factual information provided by Officer Harrington. Middlesex News misplaces reliance upon Foley v. Lowell Sun Publishing Co., 404 Mass. at 11, in which the statements at issue were not defamatory because they reported only the arrest of two men for assaulting a police officer and the suspects’ names and addresses. See id. The article published by the Middlesex News, by contrast, includes information beyond the facts of the warrant or the incorrect identity of the suspect, such as statements about the victim’s mother’s finding Mourao with the victim, and the allegation that Mourao had lied to police in the past about his identity.
Liability for a defamatory statement may not he avoided merely by adding a truthful preface that someone else has so stated. Jones v. Taibbi, 400 Mass. at 792, citing Ricci v. Venture Magazine, Inc., 574 F.Sup. 1563, 1572 (D.Mass. 1983). The defendant’s publication of officer Harrington’s erroneous statements imputing a crime to plaintiff was defamatory as a matter of law.
II. Whether the Publication Was Protected by the Fair Report Privilege
Middlesex News next asserts that, even if the article is defamatory, it is protected by the fair report privilege, which allows “those who fairly and accurately report certain types of official or governmental action to be immune from liability.” Jones v. Taibbi, 400 Mass. at 794. Massachusetts has adopted the common-law fair report privilege as set forth in the Restatement (Second) of Torts §611 (1977), which provides:
The publication of defamatory matter concerning another in a report of an official action or proceed- *360 tag or of a meeting open to the public that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgment of the occurrence reported.
Id. at 794-95, n.11.
In this case there is at least an issue of fact as to whether the article was based on an official action or proceeding. Because Kerstetter based the article on his interview with officer Harrington rather than directly upon the police report, warrant, or other official action,[3] the article is not indisputably privileged. It is unclear from the record whether Officer Harrington simply read from the police report and warrant, or added comments of his own. See Jones v. Taibbi, 400 Mass. at 796 (statements by police or witnesses regarding the facts of a case are not yet part of an official proceeding and therefore are not privileged). Consequently, Middlesex News is not entitled to summary judgment on the defamation claim.
III. Other Claims
In his opposition, plaintiff does not respond to Middlesex News’ Motion for Summary Judgment with respect to the claims of intentional infliction of emotional distress, violation of the Massachusetts Civil Rights Act, negligence, invasion of privacy, or malicious abuse of process. Plaintiff makes no effort to explain how Middlesex News purportedly employed coercion, threats or intimidation to make out a violation of G.L.c. 12, §§11H and 111. Nor does plaintiff assert that Middlesex News had an ulterior motive in its alleged abuse of process. Plaintiff cannot, therefore, defeat summary judgment with respect to claims of civil rights violations and abuse of process. The existence of genuine issues of material fact bars summary judgment with respect to the remaining counts for intentional infliction of emotional distress, negligence, and invasion of privacy.
ORDER
For the foregoing reasons, Middlesex News’ Motion for Summary Judgment is DENIED with respect to Counts I, II, V and VI, and ALLOWED with respect to Counts III and VII.

The Court assumes for purposes of this discussion that a police report qualifies as “an official action or proceeding."