Lauriat, J.
Howth, Inc., d/b/a The People’s Republik, has moved, pursuant to Mass.R.Civ.P. 12(b)(6), to dismiss the Amended Complaint filed by Ralph Lopez (“Lopez”) on the ground that Lopez has failed to state a claim upon which relief can be granted. For the following reasons, the defendant’s motion is allowed.
BACKGROUND
On the night of December 8, 2000, Lopez and one Eric Brown (“Brown”) were socializing at a bar known as The People’s Republik (“the Republik”) in Cambridge, Massachusetts, which was owned and operated by Howth, Inc. (“Howth”). Lopez and Brown are both persons of color. At approximately 1:00 a.m., Lopez became involved in a dispute with a woman and several white male patrons at the bar. Lopez claims that the female patron wrongfully accused him of inappropriately touching her. Based on this accusation, a Republik bartender asked Lopez to leave.
During the dispute, Lopez contends that another patron told the bartender that he had witnessed the incident and that a third male, not Lopez, was the person who had apparently pinched the woman. The bartender told Lopez to leave anyway. Since this incident, Howth has barred Lopez from patronizing the Republik.
On February 14, 2002, Lopez filed the present action against Howth, alleging violations of Federal and state civil rights laws, and slander. He filed an Amended Complaint on June 19, 2002, following a court order to provide the defendant with a direct, concise statement of facts.
DISCUSSION
Howth has asserted five grounds for its motion to dismiss. First, Howth argues that Lopez was not the subject of intentional discrimination. Second, it asserts that the bar and its employees are not state actors as required for a 42 U.S.C. §1983 claim. Third, Howth contends that Lopez was not denied access to the bar on account of his race or color. Fourth, Howth asserts that Lopez wrongly charged it with violating a criminal statute by filing a G.L.c. 272, §98 claim. Finally, Howth asserts that it did not defame Lopez based on the mere fact that it barred his entiy to the bar.
In considering a motion to dismiss under Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of a complaint as well as any reasonable inferences that can be drawn from those allegations in favor of the plaintiff. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996). Taking the pleadings and such inferences in this light, the “complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
I.
In Count One, Lopez contends that Howth deprived him of his Constitutional rights in violation of 42 U.S.C. §1981. To state a viable cause of action under §1981, a plaintiff must allege “a deprivation of his rights on account of his race, ancestry, or ethnic characteristics.” Zemsky v. City of New York, 821 F.2d 148, 150 (2nd Cir. 1987) (internal citations omitted). Lopez has not alleged that he was deprived of his rights “as a result of any racial, ethnic, or class-based animus on the part of the defendants.” Count One must therefore be dismissed. Id. at 151.
*387 In Count Two, Lopez claims that Howth deprived him of his Constitutional rights under 42 U.S.C. §1983. In order to determine whether a person is subject to suit under §1983 the alleged infringement must be fairly attributable to the State. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). A bar is not considered a state actor within the meaning of §1983 merely because it “operat[es] under a state-issued liquor license.” Comisky v. JFTJ Corp., 989 F.2d 1007, 1011 (8th Cir. 1993). Count Two must therefore be dismissed.
In Count Three, Lopez alleges that Howth deprived him of his rights under the Civil Rights Act of 1964 (42 U.S.C. §2000a). The Civil Rights Act of 1964 provides that, “(a]U persons shall be entitled to full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin.” 42 U.S.C. §2000a (emphasis added). A claim under §2000a is not actionable if there areno allegations, or facts to support an allegation, that a party was “denied access to aplace of public accommodation ‘on the ground of race, color, religion or national origin.’ ” Carey v. Continental Airlines, Inc., 823 F.2d 1402, 1404, Fn. 1 (10th Cir. 1987), citing 42 U.S.C. §2000a. Since Lopez has not alleged that he was deprived of his rights on the ground of race, color, religion or national origin, Count Three must also be dismissed.
II.
In Count Four, Lopez has alleged that Howth deprived him of full and equal accommodation under G.L.c. 272, §98. “[Chapter] 272, §98 is a criminal statute which enforces civil rights laws.” Jones v. City of Boston, 738 F.Sup. 604, 606 (D.Mass. 1990). Since Howth is not liable for a criminal act of its employees, a claim under G.L.c. 272, §98 is not actionable by Lopez. Id. Therefore, Count Four must be dismissed.
III.
In Count Five, Lopez claims that Howth slandered him in a public place. “The elements of a slander claim, in relevant part, are the publication of a false and defamatory statement by spoken words of and concerning the plaintiff.” Ellis v. Safety Ins. Co., 41 Mass.App.Ct. 630, 635 (1996). In a defamation action involving slander “a threshold issue is whether the statement is reasonably susceptible of a defamatory meaning ...” Foley v. Lowell Sun Pub. Co., 404 Mass. 9, 11 (1989) (internal citations omitted). Since Lopez has not offered or identified any statement by Howth or its employees which could be construed as defamatory — ejection from a bar and prohibited re-entry are not slander — Count Five must be dismissed.
ORDER
For the foregoing reasons, the Defendant’s Motion to Dismiss Amended Complaint is ALLOWED.