ANTHONY L. RINALDI vs. STATE BUILDING CODE APPEALS
BOARD & another.[1]

No. 00-P-1926.

Suffolk. November 19, 2001. - December 6, 2002.

Present: PERRETTA, DREBEN, & GELINAS, JJ.

*State Building Code. State Administrative Procedure Act. Statute,* Construction.
*Notice,* Administrative hearing. *Administrative Law,* Administrative
Procedure Act, Agency.

An abutter, whose land could have been directly affected by a decision of the
State Building Code Appeals Board (board) because of a claim of ease-
ment through his backyard, and whose building could have been adversely
affected by a variance that caused openings in the sidewall of an adjoining
building that were mere inches from the side of his house, in contravention
of the building code, was an "interested person" entitled to notice of a
public hearing before the board, in accordance with G. L. c. 143, § 100, as
required by the "reasonable notice" provisions of G. L. c. 30A, § 11, of
the State Administrative Procedure Act. [671-674]

CIVIL ACTION commenced in the Superior Court Department on
December 17, 1997.

A motion to dismiss was heard by *Charles M. Grabau,* J.

*Martha M. Wishart* for Maria Santos.

*Peter L. Koff* for the plaintiff.

GELINAS, J. We consider in this appeal whether Anthony
Rinaldi was an "interested person" entitled to notice, see G. L.
c. 143, § 100, and 780 Code Mass. Regs. § 122.3.4 (1997), of
a public hearing before the State Building Code Appeals Board
(board), as required by the "reasonable notice" provisions of
the State Administrative Procedure Act. See G. L. c. 30A, § 11.
We conclude that the notice provisions of G. L. c. 143, § 100,
are governed by G. L. c. 30A, § 11, and that Rinaldi was
entitled to notice. We reverse a judgment of the Superior Court

_____

[1]Maria Santos.

that entered on the basis that there was lawful notice of a hearing at which action adverse to Rinaldi was taken.[2]

We review the facts in general, all taken from the materials submitted to the motion judge, reserving specifics for our discussion of the issues. The board's proceedings followed upon a denial, by the city of Boston's inspectional services department (ISD), of Maria Santos's application for a building permit to renovate her building at 186-188 Maverick Street. The denial was predicated on the fact that Santos's plan, as set forth in the application, failed to comply with the State Building Code (building code) in two respects: there was no adequate second egress from the property to a public way, and openings for windows on one outside wall were inches from an adjacent building at 190 Maverick Street, owned by Rinaldi. Santos appealed the denial to the board, pursuant to G. L. c. 143, § 100,[3] seeking variances from the building code with respect to the two deficiencies cited by the ISD. The board held public hearings on November 21, 1996, and January 23, 1997, and issued its final decision, granting the two variances and ordering the ISD to issue the building permit, on February 18, 1997. The board granted variances (1) permitting a required second egress

---

[2]Rinaldi raised and briefed the issue of lack of notice in connection with his claim that he be allowed to file for review in the Superior Court within thirty days of receipt of the board's decision. He has not claimed that the proceedings before the board were defective for lack of notice to him. While an appellate court need not consider an issue not addressed by the parties, the court is not prohibited from so doing, and "may decide cases on issues or theories not raised." *Foley* v. *Lowell Sun Publishing Co.*, 404 Mass. 9, 11 (1989), quoting from *Commonwealth* v. *Elder*, 389 Mass. 743, 746 (1983). See Mass. R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). We take the opportunity to do so in this case.

[3]General Laws c. 143, § 100, as inserted by St. 1984, c. 348, § 10, provides in pertinent part:

"Whoever is aggrieved by an interpretation, order, requirement, direction or failure to act by any state or local agency or any person or state or local agency charged with the administration or enforcement of the state building code or any of its rules and regulations, except any specialized codes as described in section ninety-six, may within forty-five days after the service of notice thereof appeal from such interpretation, order, requirement, direction, or failure to act to the appeals board."

to a public street from Santos's building in the rear, conditioned on her ability to verify her claimed access to the street over an easement through Rinaldi's backyard,[4] and (2) permitting openings, for windows, in the building's side brick wall, located just five inches from the side of Rinaldi's wood frame house.[5] Rinaldi received no notice of Santos's appeal to the board, or of the public hearing held by the board with regard to the variance request, and he did not appear at the hearing. Nothing in the record suggests that Rinaldi was actually aware that the hearing would take place. Cf. *Save the Bay, Inc.* v. *Department of Pub. Util.*, 366 Mass. 667, 677 (1975) (petitioner who had actual notice of proceedings before the Department of Public Utilities unable to raise propriety of notice). Rinaldi learned of the board's decision some eight months after the board issued its order. He asked for and received a copy of the decision from the board, and, within thirty days of receipt, claimed review of the board's action in Superior Court pursuant to the Administrative Procedure Act, G. L. c. 30A, joining both Santos and the board in the suit. Santos answered, Rinaldi moved for judgment on the pleadings, and Santos moved to dismiss. The board notified the court that it did not intend to appear or otherwise participate in the action.

After hearing, the Superior Court motion judge ruled that, as the complaint was brought "well beyond [thirty] days after the [b]oard issued its final decision," Rinaldi's complaint was barred by the statute of limitations, G. L. c. 30A, § 14(1). See *Flynn* v. *Contributory Retirement Appeal Bd.*, 17 Mass. App. Ct. 668,

---

[4]With respect to the first variance, which required an easement over Rinaldi's property, the issue is now moot. Rinaldi successfully defended Santos's attempt in the Land Court to establish an easement by necessity over his property. His position was summarily affirmed in this court on appeal. See *Santos* v. *Rinaldi*, 53 Mass. App. Ct. 1111 (2002). The board's grant of variance for egress thus cannot become operative as the condition established by the board cannot be fulfilled. Santos apparently has no other way of satisfying the egress requirement of the building code, and the application for a permit may be moot. The window variance is still at issue, however, and the board's procedures here raise issues of wider public interest. We therefore consider Rinaldi's right to notice. See *Dimino* v. *Secretary of the Commonwealth*, 427 Mass. 704, 708 (1998).

[5]The building code requires that, for fire prevention, a brick wall in this proximity to another building can have no openings. See 780 Code Mass. Regs. § 705.3 (1997).

669 (1984); *Board of Appeals of Rockport* v. *DeCarolis*, 32 Mass. App. Ct. 348, 352 (1992). The motion judge further ruled that Rinaldi failed to show any "special circumstances," such that his action for declaratory relief might permit an appeal under G. L. c. 231A, despite expiration of the time for filing permitted by the statute of limitations. See, in this regard, *East Chop Tennis Club* v. *Massachusetts Commn. Against Discrimination*, 364 Mass. 444, 450 (1973); *Swansea* v. *Contributory Retirement Appeal Bd.*, 43 Mass. App. Ct. 402, 406 (1997). Finally, the motion judge ruled that Rinaldi lacked standing, as he had not shown that he was "a person aggrieved, . . . [able to] allege substantial injury as the direct result of the action complained of." *Ginther* v. *Commissioner of Ins.*, 427 Mass. 319, 322 (1998). *Harvard Law Sch. Coalition for Civil Rights* v. *President & Fellows of Harvard College*, 413 Mass. 66, 69 (1992).

The requirement of bringing an appeal within the time provided is jurisdictional; failure to observe the requirement robs the court of jurisdiction. See *Schulte* v. *Director of the Div. of Employment Security*, 369 Mass. 74, 79-80 (1975); *Flynn* v. *Contributory Retirement Appeal Bd.*, 17 Mass. App. Ct. at 669. Rinaldi argues that as he received no notice of the board's proceedings, his filing in Superior Court was in compliance with the provisions of G. L. c. 30A, § 14(1), as he entered the complaint within thirty days of his receipt of the board's decision, although such receipt came more than eight months after the decision was rendered.[6] Rinaldi's argument in this regard is misplaced. In *Friedman* v. *Board of Registration in Med.*, 414 Mass. 663, 664 (1993), the requirement was interpreted to mean "within thirty days from the time the party receives final notice of the agency." Rinaldi admits that he was not a party to the board's proceedings as he never received notice of Santos's appeal or of the public hearing and therefore never appeared before the board. Rinaldi's interpretation of the statute here would leave open decisions of the board for inordinate lengths of time and defeat the principle that there must be finality to proceed-

---

[6]Any claim of judicial review under G. L. c. 30A, § 14, as appearing in St. 1976, c. 411, § 1, must be initiated "within thirty days of receipt of the final decision of the agency."

ings before administrative agencies. See *Yankee Microwave, Inc.* v. *Petricca Communications Sys., Inc.*, 53 Mass. App. Ct. 497, 508 (2002). We do agree, however, that he was improperly prevented from the possibility of becoming a party to the appeal before the board. We conclude that as an abutter, whose land might be directly affected by the board's decision because of the claim of easement, and whose building might be adversely affected by a variance that caused openings in the sidewall that were mere inches from his building, in contravention of the building code, he was an "interested party," and as such was deprived of notice required by G. L. c. 30A, § 11. In reaching this conclusion, we hold that the Administrative Procedure Act (G. L. c. 30A) applies to the board's proceedings.

General Laws c. 30A was enacted in part to establish minimum procedural standards for the conduct of adjudicatory proceedings as defined in the statute, while permitting those State administrative agencies covered by the act to develop and adopt additional procedural requirements. See Cella, Administrative Law and Practice § 501 (1986). In order to determine whether the board is an "agency" and thus covered by the Administrative Procedure Act, we look to the definition provided in G. L. c. 30A, § 1. With exceptions not pertinent here, an agency under G. L. c. 30A, § 1(2), as inserted by St. 1954, c. 681, § 1, is defined as "any department, board, commission, division or authority of the state government or subdivision of any of the foregoing, or official of the state government, authorized by law to make regulations or to conduct adjudicatory proceedings." An adjudicatory proceeding is defined in the same section as "a proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Laws to be determined after opportunity for an agency hearing." G. L. c. 30A, § 1(1). As established by G. L. c. 143, § 100, the board is empowered to receive appeals from persons aggrieved by decisions of State and local agencies charged with the administration or enforcement of the building code. See note 3, *supra*. After public hearing, at which the board may "hear testimony and take evidence," the board "shall issue a decision or order reversing, affirming or modifying in whole or

in part such interpretation, order or requirement, or postponing the application thereof." G. L. c. 143, § 100. On this language, we conclude that the board has the express statutory power to conduct adjudicatory hearings, and thus is an agency as defined in G. L. c. 30A, with its procedures in this regard governed thereby. In this regard, see *Milligan* v. *Board of Registration in Pharmacy*, 348 Mass. 491, 494 (1965) (board of registration expressly authorized to conduct adjudicatory proceedings, and thus is an agency as defined in State Administrative Procedure Act); *Marmer* v. *Board of Registration of Chiropractors*, 358· Mass. 13, 15 (1970) (same). Compare Rep. A.G., Pub. Doc. No. 12, at 35-36 (1967) (commissioners of firemen's relief are not authorized to make regulations or to conduct adjudicatory proceedings, and thus such board is not an agency subject to G. L. c. 30A).

We next consider whether Rinaldi has or might achieve the status of a party,[7] as that term is defined in G. L. c. 30A, and thus might qualify as an "interested party" under the provisions of G. L. c. 143, § 100, which contains direction for the board's giving notice of public hearings to interested parties.[8] In the absence of more specific provisions in the board's governing statute with respect to notice, we conclude that the matter of notice is governed by G. L. c. 30A, § 11(1), which provides that "[r]easonable notice of the hearing shall be accorded all parties and shall include statements of the time and place of the hearing." See *Save the Bay, Inc.* v. *Department of Pub. Util.*, 366 Mass. at 676 n.7 (in the absence of any specific provisions with respect to the manner of notice, the matter of notice is governed by G. L. c. 30A, § 11[1]). Here, lack of any notice

---

[7]According to G. L. 30A, § 1(3), as inserted by St. 1954, c. 681, § 1, a " '[p]arty' " to an adjudicatory proceeding means: — (a) the specifically named persons whose legal rights, duties or privileges are being determined in the proceeding; and (b) any other person who as a matter of constitutional right or by any provision of the General Laws is entitled to participate fully in the proceeding, and who upon notice as required in paragraph (1) of section eleven makes an appearance; and (c) any other person allowed by the agency to intervene as a party. Agencies may by regulation not inconsistent with this section further define the classes of persons who may become parties."

[8]With respect to notice, G. L. c. 143, § 100, provides only that "[t]he chairman shall give at least ten days notice of the time and place of said hearing to all interested parties."

designed to alert Rinaldi fails the test of "reasonable notice" required by G. L. c. 30A, § 11. The two variances sought by Santos directly affected Rinaldi's property. The first looked to Santos's claim of an easement over his backyard. The second brought to bear the very real concern of increased risk of fire to his property caused by fire on Santos's property jumping the five-inch distance to his wood frame property via the openings in the brick wall of Santos's building, and the additional possibility that Rinaldi might suffer increased fire insurance costs because of this increased hazard.

Although not directly relevant to our decision, we note as well that the record before us contains no direct report of the matters argued at the hearing, and the decision of the board appears to lack factual findings, conclusions, and the reasons for the board's decision, and an indication of the vote of each member. Failure in this regard is an obvious violation of the requirements of G. L. c. 143, § 100.[9]

The judgment of the Superior Court is reversed. A new judgment shall enter vacating the decision of the board and remanding the case to the board for further proceedings consistent with this opinion.

*So ordered.*

---

[9]General Laws c. 143, § 100, provides in pertinent part: "The appeals board shall state in writing its findings of fact, its conclusions, reasons for its decisions and indicate the vote of each member . . . ."