Bohn, J.
Plaintiff James P. Tecce (“Tecce”) brought this action for equitable relief against defendant Office of the State Fire Marshal (“Fire Marshal”). Through his complaint, Tecce requested this court to rescind an Administrative Disposition Agreement that had suspended his Fire Equipment Certificate of Competency (“competency certificate”) because, he alleges, he had entered into that agreement under unlawful duress and in violation of his right to due process as guaranteed by G.L.c. 30A, §10. In addition, Tecce has asked this court to allow him to appeal an October 5, 1999 decision of the Fire Marshal revoking his competency certificate for one year.
The Fire Marshal now moves pursuant to Mass.R.Civ.Pro. 12(b)(1) to dismiss all counts, asserting that this court lacks subject matter jurisdiction over Tecce’s claims.
For the reasons set forth below, the defendant’s motion to dismiss will be allowed.
BACKGROUND
Tecce has been in the business of installing and inspecting fire prevention equipment for over thirteen years — a business that requires a competency certificate. Tecce originally received his competency certificate from the Fire Marshal in 1989.
On or about August 24, 1999, Tecce attended a hearing conducted by the Fire Marshal to determine whether to suspend or revoke his competency certificate for violations of 527 Code Mass. Regs. §23.08. Where relevant, that provision of the code states, “Failure of any certified person or firm to perform the act(s) for which certified in accordance with good engineering practice will subject that person or firm to summary suspension by the Marshal or his representative of certificate(s) held.” On October 5, 1999, the Fire Marshal issued a 1999 Decision and Order suspending Tecce’s competency certificate for one year.
Despite the fact that the Fire Marshal had suspended Tecce’s competency certificate on October 5, 1999, the Fire Marshal issued Tecce new competency certificates in April 2000 and April 2002. In November 2003, Tecce applied to the Fire Marshal for a Certificate of Registration for Servicing Portable Fire Extinguishers. In response, the Fire Marshal served Tecce with a notice of his intent again to suspend or revoke *393 his competency license. Tecce alleges that he received this notice, and the October 5, 1999 decision, on or about Februaiy 20, 2004; the certified mail receipt returned to the Fire Marshal’s office, however, was signed by Tecce on Februaiy 11, 2004.
On Februaiy 24, 2004, Tecce attended the second hearing to suspend his competency certificate. Tecce alleges that at this hearing he was threatened with criminal prosecution if he did not sign an Administrative Disposition Agreement, and that he was told that if he retained an attorney his competency certificate would be revoked. Tecce also alleges that he was incapable of having the requisite capacity to enter into the Administrative Disposition Agreement because the medication he is required to take impairs his ability to make judgment decisions under stress.
The Fire Marshal now moves to dismiss all claims under Mass.R.Civ.Pro. 12(b)(1) for lack of subject matter jurisdiction. Specifically, the defendant alleges that this court does not have jurisdiction over the 30A appeal of the October 5, 1999 decision because Tecce did not institute proceedings for judicial review in the Superior Court “within thirty days after receipt of notice of the final decision of the agency.” G.L.c. 30A, §14(1). Secondly, the defendant alleges that this court does not have jurisdiction over a 30A appeal of the Administrative Disposition Agreement because it is not a “final decision” within the meaning of G.L.c. 30A, §14. Finally, the Fire Marshal contends that Tecce did not exhaust his administrative remedies, as required by G.L.c. 30A, §14, because he never asked the Fire Marshal to void the settlement agreement and hold a hearing.
DISCUSSION
“In reviewing a dismissal under rule 12(b)(1) or (6) [the court accepts] the factual allegations in the, plaintiffins] complaint, as well as any favorable inferences reasonably drawn from them, as true.” Ginther v. Comm’r of Ins., 427 Mass. 319, 322 (1998). In addition, “the judge may consider affidavits and other matters outside the face of the complaint that are used to support the movant’s claim that the court lacks subject matter jurisdiction.” Id. at 322 n.6. The consideration of materials outside the pleadings when ruling on a 12(b)(1) motion does not require that the motion be treated as a summary judgment motion. See Watros v. Greater Lynn Mental Health & Retardation Ass’n, Inc., 421 Mass. 106, 108-09 (1995).
I. Appeal of the October 5, 1999 Decision
The Fire Marshal contends that Tecce cannot appeal the October 5,1999 decision to this court because he failed to do so within the statutorily-required time period.
Under G.L.c. 30A, §14(1), proceedings for judicial review of an agency decision must be commenced in the Superior Court “within thirty days after receipt of notice of the final decision of the agency!,] or if a petition for rehearing has been timely filed with the agency, within thirty days after receipt of notice of agency denial of such petition for rehearing.” Tecce did not file a petition for rehearing. He will be able to bring an action in this court only if he commenced the present action within thirty days after receipt of notice of the final decision of the agency.
In the plaintiffs complaint, he alleges that he received notice of the October 5, 1999 decision “on or about Februaiy 20, 2004" and filed his complaint on March 25, 2004. Thirty-four days passed between Tecce’s alleged receipt of the October 5, 1999 decision and the filing of his complaint.[1] Therefore, Tecce failed to comply with the requirements of G.L.c. 30A, §14, and the Fire Marshal’s motion to dismiss Tecce’s appeal of the October 5, 1999 decision will be allowed with prejudice. Such a strict adherence to the statutoiy requirement of G.L.c. 30A, §14(1) may seem harsh, but the thirty-day limitation ”is jurisdictional in nature and, hence, not susceptible to extension except in the limited fashion provided for in §14(1)." See Flynn v. Contributory Ret. Appeal Bd., 17 Mass.App.Ct. 668, 669 (1984). That “limited fashion” is not available here.
II. Appeal of the Administrative Disposition Agreement
The Fire Marshal argues that Tecce is prevented from directly asking this court to annul the Administrative Disposition Agreement because it is not a “final decision” as required under G.L.c. 30A, §14.[2] An examination of the statute shows that the Fire Marshal is correct and a settlement agreement clearly is not a “final decision” as required under G.L.c. 30A, §14.
Pursuant to G.L.c. 30A, § 14(4), the agency’s answer to the plaintiffs complaint is to consist of the record of the proceeding under review. Furthermore, pursuant to G.L.c. 3'0A, §14(5), the Superior Court’s review is confined to the record; and, under G.L.c. 30A, §14(7),[3] the court can only set aside an agency decision for a few specific reasons. That record is not available when a disposition is arrived at through an agreement of the parties.
The standard of review under G.L.c. 30A is one of deferential hindsight. It is an evaluation of an agency decision that was made after a hearing where both sides were able to present evidence. Only after that hearing, using the established record, can this court evaluate whether the agency decision should be overturned based on a violation of one of the provisions of G.L.c. 30A, §14(7). A settlement, voluntarily entered into by both parties, is not the type of disposition that fits within the strict procedural framework of 30A review. There is no record for this court to examine. The court simply cannot determine whether any of the provisions of G.L.c. 30A, §14(7) have been violated. Therefore, since the Administrative Disposition Agreement is not a “final decision,” this court has no subject matter jurisdiction over Tecce’s claim asking us to void *394 it. As a result, the Fire Marshal’s motion to dismiss the portion of the complaint challenging the Administrative Disposition Agreement will be allowed.
ORDER
For the foregoing reasons, the Motion to Dismiss is ALLOWED. Tecce’s request that he be allowed to appeal the October 5, 1999 decision is dismissed with prejudice. Tecce’s request that we void the Administrative Disposition Agreement is dismissed without prejudice. If Tecce seeks to further challenge the Administrative Disposition Agreement, he must first request a hearing before the Fire Marshal on the possible suspension of his competency certificate.

There were twenty-nine days in February 2004.

Under G.L.c. 30A, § 14, “Any person or appointing authority aggrieved by a final decision of an agency . . . shall be entitled to judicial review thereof. . .” (emphasis added).

Under G.L.c. 30A, §14(7),
the court may set aside or modify the decision, or compel any action unlawfully withheld or unreasonably delayed, if it determines that the substantial rights of any party may have been prejudiced because the agency decision is—
(a) In violation of constitutional provisions: or
(b) In excess of the statutory authority or jurisdiction of the agency: or
(c) Based upon an error of law; or
(d) Made upon unlawful procedure; or
(e) Unsupported by substantial evidence; or
(f) Unwarranted by facts found by the court on the record as submitted or as amplified under paragraph (6) of this section, in those instances where the court is constitutionally required to make independent findings of fact; or
(g) Arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law.