This appeal arises from a Superior Court judgment dismissing the plaintiff's, Gerard D. Grandoit's, complaint against the Massachusetts Rehabilitation Commission (commission) for lack of subject matter jurisdiction. We affirm.
Background. Grandoit sought assistance from the commission after more than twenty-five years of unemployment due to a back injury and depression. The commission worked with Grandoit toward his goal of obtaining a paralegal certificate. After Grandoit completed a skills program, the commission sought to have Grandoit take a neuropsychological test to determine whether Grandoit had some deficiencies with which the commission could provide further assistance. Grandoit refused the neuropsychological test and appealed this requirement to a hearing officer. A hearing was held where the hearing officer heard testimony from Grandoit and the unit supervisor in charge of Grandoit's case. On September 7, 2016, the hearing officer issued her decision along with the standard notice that any person aggrieved by the decision must appeal within thirty days. In that decision, the hearing officer determined that the imposition of a neuropsychological test was justified and that if Grandoit refused to take the test, the commission could close his case.
Grandoit filed a complaint pursuant to G. L. c. 30A, § 14, on November 29, 2016. Because Grandoit missed the thirty-day jurisdictional requirement, the commission filed a motion to dismiss which the Superior Court judge allowed. This appeal followed.
Discussion. Grandoit argues that the time for his appeal pursuant to G. L. c. 30A, § 14, should have been extended because he continued working with the commission after the hearing officer's decision issued. Grandoit also alleges that he was not told of the thirty-day deadline at the time of his hearing.
General Laws c. 30A, § 14 (1), provides that "any person ... aggrieved by a final decision of any agency in an adjudicatory proceeding ... shall be entitled to a judicial review thereof ... within thirty days after receipt of notice of the final decision of the agency." Failure to timely file a complaint will bar a plaintiff's ability to obtain judicial review of a final agency action. Herrick v. Essex RegionalRetirement Bd., 68 Mass. App. Ct. 187, 189-190 (2007). See Calnan v. Planning Bd. of Lynn, 63 Mass. App. Ct. 384, 389 (2005) ("Timely filing in court is a jurisdictional prerequisite in appeals from administrative decisions").
Here, Grandoit filed for review in the Superior Court eighty-three days after the hearing officer issued her decision. Grandoit does not contest his receipt of notice of the hearing officer's decision, and he agrees that his 30A appeal was filed on November 29, 2016, making his 30A appeal fifty-three days late.[2] Grandoit's various explanations for his late appeal are without merit. "The fact that the plaintiff represents himself does not excuse his noncompliance with procedural rules." Brossard v. West Roxbury Div. of the Dist. Court Dep't, 417 Mass. 183, 184 (1994). See Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985) (procedural rules "bind a pro se litigant as they bind other litigants"). Further, any effort by the commission to work with Grandoit after the hearing officer issued her decision did not extend the time period that Grandoit had to appeal because the thirty-day limitation "is jurisdictional in nature and, hence, not susceptible to extension except in the limited fashion provided for in § 14 (1)." Flynn v. Contributory Retirement Appeal Bd., 17 Mass. App. Ct. 668, 669 (1984). No such extension was granted here. See G. L. c. 30A, § 14 (1) ("Upon application made within the thirty-day period or any extension thereof, the court may for good cause shown extend the time"); Flynn, supra at 670.
Grandoit's remaining arguments on appeal are without merit. First, any argument pertaining to defamation was not raised below and is therefore waived. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006) (issue not raised below deemed waived on appeal). Next, Grandoit contends that the Attorney General's Office improperly represented the commission on appeal and wrongly filed a motion to dismiss. Pursuant to G. L. c. 12, § 3, however, "The attorney general shall appear for the commonwealth and for state ... commissions in all suits and other civil proceedings in which the ... official acts and doings of said ... commissions are called in question." Further, a motion to dismiss is the proper procedure for challenging a 30A appeal for lack of subject matter jurisdiction. See Mass. R. Civ. P. 12 (b) (1), as amended, 409 Mass. 1602 (1991). Accordingly, there was no improper representation by the Attorney General.[3]
Judgment affirmed.

Grandoit claims that he did not receive the hearing officer's decision until September 16, 2016. Even using this date, Grandoit's 30A appeal is still forty-four days late.

To the extent that we do not address the plaintiff's other contentions, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).