NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-283

GERARD D. GRANDOIT

vs.

MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Gerard D. Grandoit (plaintiff) appeals from orders and judgments of the Superior Court dismissing seven complaints against the Massachusetts Commission Against Discrimination (commission) and others.  We affirm.

_____

[1] On June 14, 2021, a Superior Court judge consolidated seven cases filed by Gerard D. Grandoit against the Massachusetts Commission Against Discrimination and the following additional nine defendants:  Amica General Agency, LLC (docket no. 2184CV00482); New York Fried Chicken (docket no. 2184CV00483); John J. Needham, Appraisal Bureau, Inc. (docket no. 2184CV00514); Lancer Compliance Services, Inc. (docket no. 2184CV00515); All-Write Transcription and Reporting Services, Inc., and Marsha Johnson (docket no. 2184CV00516); Cambridge Honda Cares About You and Joseph Penebre (docket no. 2184CV00517); and Shields Care Group, Inc. (docket no. 2184CV00519).  On March 24, 2023, another judge allowed the motion of the ninth defendant, Shields Care Group, Inc., to strike the plaintiff's notice of appeal.  As such, the appeal involving Shields Care Group, Inc., is not before us.

In 2017, 2019, and 2020, the plaintiff filed complaints with the commission alleging seven separate incidents of discrimination. Following a "preliminary review," an investigating commissioner for the commission dismissed each complaint pursuant to 804 Code Mass. Regs. § 1.05(2) (2020), and concluded that "further investigation will not serve the public interest." The plaintiff then appealed each dismissal through the commission's administrative procedures. See 804 Code Mass. Regs. § 1.08(4)(b) (2020). Following a "preliminary hearing" on each complaint, the investigating commissioner affirmed each dismissal pursuant to 804 Code Mass. Regs. § 1.08(4)(b)(6) (2020). In the notices of decision, the investigating commissioner informed the plaintiff that "judicial review is unavailable pursuant to 804 CMR 1.08(4)(b)(3) (2020)."

Seeking judicial review, the plaintiff then filed complaints in the Superior Court against the commission and nine additional defendants. His complaints cited G. L. c. 30A (the Administrative Procedure Act) and G. L. c. 249, § 4, (the certiorari statute), as the basis for judicial review. Several defendants, including the commission, moved to dismiss the plaintiff's complaints. In an omnibus decision and order, following consolidation of the cases, a judge of the Superior Court agreed with the defendants and dismissed all the complaints. On de novo review, we conclude that the Superior

2

Court lacked subject matter jurisdiction and affirm the judgments of dismissal.  See Grandoit v. Massachusetts Comm'n Against Discrimination, 95 Mass. App. Ct. 603, 606 (2019) (Grandoit 2019).

As the judge noted in her decision, this court previously rejected a similar claim in an unrelated case brought by the plaintiff in Grandoit 2019.  After carefully and methodically setting forth the administrative procedures that follow the filing of a complaint with the commission, this court concluded in that case that the Superior Court lacked jurisdiction under the Administrative Procedure Act or the certiorari statute "to review the investigating commissioners' lack of probable cause determinations."  Id. at 604.  The holding in Grandoit 2019 forecloses the plaintiff's current claims.

We also note that the plaintiff's brief does not address the controlling rule of law in Grandoit 2019, nor does he even cite the case, let alone attempt to distinguish that case or the plaintiff's numerous appeals in other cases that suffered a similar fate.  See, e.g., Grandoit v. Massachusetts Comm'n Against Discrimination, 102 Mass. App. Ct. 1121 (2023) (decision pursuant to rule 23.0); Grandoit v. Massachusetts Comm'n Against Discrimination, 102 Mass. App. Ct. 1108 (2023) (decision pursuant to rule 23.0); Grandoit v. Massachusetts Comm'n Against Discrimination, 98 Mass. App. Ct. 1114 (2020) (decision pursuant

3

to rule 23.0); Grandoit v. Milton Hous. Auth., 97 Mass. App. Ct. 1126 (2020) (decision pursuant to former rule 1:28, now known as rule 23.0); Grandoit v. Massachusetts Rehabilitation Comm'n, 94 Mass. App. Ct. 1117 (2019) (decision pursuant to former rule 1:28, now known as rule 23.0).

In his brief, the plaintiff protests that the judge should not have dismissed the complaints involving defendants who failed to file an answer or motion to dismiss. We disagree. "[A] jurisdictional issue must be decided, regardless of the point at which it is first raised." Litton Business Sys., Inc. v. Commissioner of Revenue, 383 Mass. 619, 622 (1981). "Subject matter jurisdiction cannot be conferred by consent, conduct or waiver." Id. "[W]henever a problem of subject matter jurisdiction becomes apparent to a court, the court has 'both the power and the obligation' to resolve it" (citations omitted). Doherty v. Civil Serv. Comm'n, 486 Mass. 487, 491 (2020). As in the present case, "[w]henever it appears by suggestion of a party or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Mass. R. Civ. P. 12 (h) (3), 365 Mass. 754 (1974). Thus, the judge here properly dismissed all the complaints.

To the extent that the plaintiff is challenging a motion to sanction him in the Superior Court, we see no action by the judge on such a motion in this case. Therefore, that matter is

4

not properly before us on appeal. See Mass. R. A. P. 8 (a), as appearing in 481 Mass. 1611 (2019). The plaintiff's request for an award of costs and fees is denied. Although the commission's request for sanctions in the form of a gatekeeper in the Appeals Court is not unreasonable, we deny that motion as well because there is now a gatekeeper order extant in the Superior Court aimed at addressing "serial, groundless litigation." Grandoit, 102 Mass. App. Ct. at 1108 n.3.

Orders and judgments of
  dismissal affirmed.

By the Court (Henry,
  D'Angelo & Hodgens, JJ.[2]),

*Paul Little*

Clerk

Entered: September 9, 2024.

---

[2] The panelists are listed in order of seniority.