LITTON BUSINESS SYSTEMS, INC., & others[1] vs.
COMMISSIONER OF REVENUE & others.[2]

Suffolk. March 2, 1981. — May 8, 1981.

Present: HENNESSEY, C.J., BRAUCHER, LIACOS, ABRAMS, & NOLAN, JJ.

*Taxation,* Classification amendment. *Practice, Civil,* Taxable inhabit-
ants' action, Amendment, Parties, Declaratory proceeding, Statement
of agreed facts. *Jurisdiction,* Taxable inhabitants' action.

Upon appeal of a case challenging the taxation of property pursuant to
the "Classification Amendment" to the Massachusetts Constitution,
this court allowed a motion to dismiss the action, seeking relief under
G. L. c. 40, § 53, and c. 231A, for lack of jurisdiction because the
plaintiffs did not include ten taxable inhabitants of the city as required
by c. 40, § 53, even though that issue had not been raised until after
the case had been decided in the Superior Court and reported to the
Appeals Court [621-622]; and this court further declined to allow the
plaintiffs to amend their complaint to add such taxable inhabitants as
plaintiffs where the factual predicate for a final decision in time for
the sending of tax bills had not been established and none of the issues
that were ripe for decision threatened sufficient irreparable harm to
warrant interference with the city's collection of taxes [622-624].
Delays beyond statutory deadlines in making required determinations
under the tax classification law did not render the determinations in-
valid. [624]
Under St. 1979, c. 151, § 12A, free cash available to a municipality on
July 1, 1980, was to be used to reduce the tax levy for fiscal year 1981
rather than fiscal year 1982. [624]

CIVIL ACTION commenced in the Superior Court Depart-
ment on October 21, 1980.

---

[1] Nineteen other owners of Fitchburg property.

[2] The mayor, city council, and board of assessors of the city of Fitch-
burg (the city defendants).

The case was reported to the Appeals Court by *Young,* J. The Supreme Judicial Court granted direct review on its own initiative.

*Laurence S. Fordham (David R. Pierson & Peter A. Fine* with him) for the plaintiffs.

*James A. Aloisi, Jr.,* Assistant Attorney General (*Timothy S. Hillman* with him) for Commissioner of Revenue.

*John M. Lynch (Wayne E. Hartwell* with him) for the Mayor of Fitchburg & others.

BRAUCHER, J. This case began as the first test of taxation of property by a city pursuant to the "Classification Amendment" to the Constitution of the Commonwealth. Part II, c. 1, § 1, art. 4 of the Massachusetts Constitution, as amended by art. 112 of the Articles of Amendment, approved November 7, 1978. See G. L. c. 40, § 56, as amended by St. 1980, c. 261, § 2. The Commissioner of Revenue (Commissioner) certified that the city of Fitchburg (city) was assessing property at full and fair cash valuation and determined a "minimum residential factor" pursuant to G. L. c. 58, § 1A. The city put into effect a classification plan, under which residential property would be taxed at a little more than 80% of what would otherwise have been the uniform tax rate, while personal property and commercial and industrial real property would be taxed at a little more than 140% of that rate. The plaintiffs, owners of business property in the city, brought this action for injunctive and declaratory relief under G. L. c. 40, § 53, and G. L. c. 231A. A judge of the Superior Court ruled that the Commissioner's certification was invalid, and reported the case to the Appeals Court. We transferred the case to this court on our own motion, and ordered argument on March 2, 1981, on an expedited schedule.

In this court, on February 25, 1981, the city defendants moved under Mass. R. Civ. P. 12 (h) (3), 365 Mass. 757 (1974), to dismiss the action for lack of subject matter jurisdiction, filing supporting affidavits and certificates tending to show that the plaintiffs did not include ten "taxable inhabitants" of the city, as required by G. L. c. 40,

§ 53. The plaintiffs responded with a motion to limit the issues to be argued, and after argument on March 2, 1981, with a motion for leave to file an amended complaint, adding seventeen individual resident taxpayers of the city as plaintiffs. On March 16, 1981, after the parties had submitted supplementary memoranda, we issued an order denying the plaintiffs' motions and allowing the motion of the city defendants to dismiss the action, "subject to an opportunity for the plaintiffs to prove that at least ten of the named plaintiffs are natural persons domiciled in the city of Fitchburg and are taxable inhabitants of the city." We remanded the case to the Superior Court to afford the plaintiffs such an opportunity, and said that an opinion or opinions would follow. We now issue the opinion.

After our order of March 16, 1981, the plaintiffs moved for a rehearing and sought a stay. We denied the stay, and we are informed that on March 25, 1981, the action was dismissed in the Superior Court. Some of the same plaintiffs and enough others to satisfy the jurisdictional requirements of G. L. c. 40, § 53, then brought a companion action in the Supreme Judicial Court for Suffolk County, and moved that it be transferred to the full court and considered with the action that had been dismissed. On March 30, 1981, we transferred the companion case, *Macioci* v. *Hampers*, S.J.C.-2455, to this court, denied the requested stay, and transferred the action to the Superior Court in Suffolk County for further proceedings.

1. *"Ten taxable inhabitants."* "If a town, . . . or any of its officers or agents are about to raise . . . money . . . in any manner other than that for and in which such town, . . . has the legal and constitutional right and power to raise . . . money . . ., the supreme judicial or superior court may, upon petition of not less than ten taxable inhabitants of the town, . . . determine the same in equity, and may, before the final determination of the cause, restrain the unlawful exercise or abuse of such corporate power." G. L. c. 40, § 53, as appearing in St. 1969, c. 507. The statute applies to a city. G. L. c. 40, § 1. Such a proceeding did

not come within the general jurisdiction of a court of equity, and could be maintained only in accordance with the statute. See *Richards* v. *Treasurer & Receiver Gen.*, 319 Mass. 672, 674-675 (1946). We have indicated that "inhabitants" are natural persons, and do not include corporations. See *Cabot* v. *Assessors of Boston*, 335 Mass. 53, 56 n.1 (1956), appeal dismissed sub nom. *Cabot* v. *Alphen*, 354 U.S. 907 (1957). An "inhabitant" of the city must have his domicil or residence there. Part. II, c. 1, § 2, art. 2 of the Massachusetts Constitution. G. L. c. 4, § 7, Fourteenth. *Howe* v. *Ware*, 330 Mass. 487, 488 (1953). See *Hershkoff* v. *Registrars of Voters of Worcester*, 366 Mass. 570, 576 (1974) (voting). The "taxable inhabitant" must also be adversely affected by the action complained of. *Richards* v. *Treasurer & Receiver Gen.*, 319 Mass. 672, 677 (1946).

We have treated such requirements as jurisdictional, and a jurisdictional issue must be decided, regardless of the point at which it is first raised. See *Boston* v. *Massachusetts Port Auth.*, 364 Mass. 639, 645 (1974). Subject matter jurisdiction cannot be conferred by consent, conduct or waiver. *Second Bank-State St. Trust Co.* v. *Linsley*, 341 Mass. 113, 116 (1960). Accordingly, this court must take note of lack of jurisdiction whenever it appears, whether by suggestion of a party or otherwise. Mass. R. Civ. P. 12 (h) (3). In the present case the complaint alleged that the plaintiffs were taxable inhabitants of the city, and that allegation was admitted in the defendants' answers and agreed to in a statement of agreed facts. The point was not raised until after the case had been decided in the Superior Court and reported to the Appeals Court. Nevertheless, we cannot proceed if jurisdiction is lacking.

Even a jurisdictional defect may sometimes be cured by amendment, and we think we had power to allow the plaintiffs' motion to add enough individual taxpayers to cure the defect in the present case. Mass. R. Civ. P. 15, 365 Mass. 761 (1974). *City Council of Peabody* v. *Board of Appeals of Peabody*, 360 Mass. 867 (1971). *Shaughnessy* v. *Board of Appeals of Lexington*, 357 Mass. 9, 12-14 (1970). *Rafferty*

v. *Sancta Maria Hosp.*, 5 Mass. App. Ct. 624, 626-627 (1977). But at this stage of the proceeding the allowance of such an amendment was discretionary, and we were required to consider broadly what would further the cause of justice. See *Castellucci* v. *United States Fidelity & Guar. Co.*, 372 Mass. 288, 292 (1977).

2. *The effect of the amendment.* Apart from their rights under the ten-taxpayer statute, the plaintiffs argue that they are entitled to declaratory relief under G. L. c. 231A and the general equity powers of the Superior Court. But their complaint is not framed to seek discretionary relief under the principle applied in *S.J. Groves & Sons* v. *State Tax Comm'n*, 372 Mass. 140, 142 (1977). Our cases give some support to general equity jurisdiction in exceptional cases, to be exercised in conjunction with the ten-taxpayer remedy. See *Tregor* v. *Assessors of Boston*, 377 Mass. 602, 606, cert. denied, 444 U.S. 841 (1979), and cases cited. But we do not think the plaintiffs' allegations, apart from the ten-taxpayer statute, bring them within the narrow limits established in such cases as *Leto* v. *Assessors of Wilmington*, 348 Mass. 144, 148-149 (1964), and *Coan* v. *Assessors of Beverly*, 349 Mass. 575, 578 (1965).

If cure of the jurisdictional defect in the ten-taxpayer action by amendment could have permitted us to consider the issues of law on which the reporting judge ruled, we might have been inclined to allow the amendment. We were informed that a final decision by April 1 would have left time to make any necessary changes in the tax bills to be issued May 1, as in *Bettigole* v. *Assessors of Springfield*, 343 Mass. 223, 237-238 (1961).

Unfortunately, however, it appeared that the factual predicate for such a decision had not been established. The parties had filed a statement of agreed facts in November, 1980, but at oral argument in the Superior Court the defendant Commissioner sought to file a supplementary affidavit by the chief of the responsible bureau. Upon objection by the plaintiffs the Commissioner asked to be relieved of her assent to the statement of agreed facts as an improvident stipulation

and requested an evidentiary hearing. The judge instead treated the affidavit as a judicial admission binding on the Commissioner but not on the plaintiffs. We were not prepared to dispose of important public issues on such a basis. If we had not ordered the action dismissed, we would have relieved the Commissioner of her assent to the statement of agreed facts and remanded the case for an evidentiary hearing. Final decision in time for the sending of tax bills on May 1 would have been most unlikely, and the parties would have made no more progress toward decision than they now have made with a ten-taxpayer action newly brought.

We considered whether we could dispose of any of the issues with finality. We concluded that none of the issues that were ripe for decision threatened sufficient irreparable harm to warrant interference with the city's collection of taxes. As to two issues that were fully argued, however, we are prepared to state our view that the Superior Court judge decided them correctly: (1) The delays beyond statutory deadlines in making required determinations did not render the determinations invalid. *Cheney* v. *Coughlin*, 201 Mass. 204, 211 (1909). (2) Under St. 1979, c. 151, § 12A, free cash available on July 1, 1980, was to be used to reduce the tax levy for fiscal year 1981 rather than fiscal year 1982.