## THE MODIFIED MOTORCYCLE ASSOCIATION OF MASSACHUSETTS, INC. *vs.* COMMONWEALTH.

No. 02-P-177.

Middlesex. October 7, 2003. - November 26, 2003.

Present: GREENBERG, DREBEN, & McHUGH, JJ.

*Motorcycle. Practice, Civil,* Standing. *Constitutional Law,* Federal preemption. *Regulation.*

In a civil action, the plaintiff, a nonprofit corporation representing more than eight hundred motorcycle riders and civil rights activists, was entitled to a declaration that motorcyclists' compliance with Federal regulations for motorcycle helmets was sufficient compliance with the standard contained in 540 Code Mass. Regs. § 22.08 (1996). [84-87]

CIVIL ACTION commenced in the Superior Court Department on June 7, 2001.

A motion to dismiss was heard by *Peter M. Lauriat,* J.

*Joseph S. Provanzano* for the plaintiff.

*John R. Hitt,* Assistant Attorney General, for the Commonwealth.

DREBEN, J. The plaintiff alleges that it is a nonprofit corporation representing more than eight hundred motorcycle riders and civil rights activists and that its purposes are to inform its members of important issues and protect their rights. It brought this action claiming that Massachusetts law enforcement divisions of the Commonwealth and of its cities, towns, and subdivisions have stopped some of the plaintiff's members on the ground that they failed to comply with a standard for motorcycle helmets contained in 540 Code Mass. Regs. § 22.08 (1996). In its complaint the plaintiff made numerous claims including that

the regulation, which is set forth in the margin,[1] is invalid because it is preempted by Federal law. The Massachusetts regulation requires protection of a somewhat greater area (.14 inch) of the cyclist's face than required under Federal law, 49 C.F.R. § 571.218 (1988).[2]

The Commonwealth filed a motion to dismiss. After the parties submitted memoranda, and after the plaintiff presented oral argument, the judge determined that the only remaining issue was the plaintiff's preemption claim. The judge ruled that the second paragraph of the Massachusetts regulation, see note 1, *supra*, which was passed subsequent to the Federal statute, "implicitly recognizes and accommodates the preemptive effect of the Federal regulatory scheme. Motorcyclists wearing helmets built to federal specifications cannot, therefore, fail to comply with the Massachusetts regulations."

Although the plaintiff sought a declaration that only the Federal standard should apply, and although the judge construed the regulation not to be in conflict with Federal statutes and regulations, he dismissed the action on the Commonwealth's motion without a declaration.[3] We agree with the judge's reasoning but hold that the plaintiff is entitled to a declaration that

---

[1] The regulation, issued pursuant to G. L. c. 90, § 7, contains two paragraphs and states as follows:

"22.08 Protective Headgear for Motorcycle Operators and Passengers.

"Every operator of or passenger on a motorcycle or motorized bicycle, including a passenger in a sidecar, shall wear a helmet, with a suitable retaining device in position, designed and manufactured to protect at least the area of the wearer's head above a reference plane 2.36 inches (60 mm.) above and parallel to a plane defined by the level of the external ear openings and the lower rim of the eye openings.

"Each such helmet shall meet or exceed the standards established in the United States Department of Transportation's Federal Motor Vehicle Safety Standard No. 218, 49 C.F.R. § 571.218 for motorcycle helmets as enacted and from time to time amended."

[2] The Massachusetts regulation applies to motorcycle riders while the Federal regulation addresses the requirements for helmet manufacturers.

[3] The plaintiff appealed as it construed the judge's decision as upholding the stricter Massachusetts standard contained in paragraph one of the Massachusetts regulation.

compliance with the Federal standard satisfies the second paragraph of 540 Code Mass. Regs. § 22.08[4] and is sufficient compliance with the Massachusetts regulation.

The Commonwealth in its brief urges affirmance of the judgment and, at oral argument before this court, concurred that the motion judge, based on the second paragraph of the regulation, found no conflict with Federal law and hence no need to determine the effect of preemption in this case. Nevertheless, the Commonwealth argues that the plaintiff lacks standing to obtain a declaration that compliance with Federal law satisfies 540 Code Mass. Regs. § 22.08. Although the Commonwealth did not argue to the motion judge that the plaintiff lacked standing to make a facial challenge to the statute,[5] that newly argued claim is properly before us. See *Matter of the Receivership of Harvard Pilgrim Health Care, Inc.*, 434 Mass. 51, 56 (2001) ("issue of standing may be raised at any time"); Mass.R.Civ.P. 12(h)(3), 365 Mass. 757 (1974). We consider that the plaintiff has met the requirements of *Hunt* v. *Washington State Apple Advertising Commn.*, 432 U.S. 333, 343 (1977).[6] See *Animal Legal Defense Fund, Inc.* v. *Fisheries & Wildlife Bd.*, 416 Mass. 635, 638 n.4 (1993).

The complaint alleged that the regulation had caused divers law enforcement officers to stop some members (who were not named individually as plaintiffs) for failure to comply with the first paragraph of the Massachusetts regulation. This alleged injury to several of its members is a "direct and sufficient [injury] to establish the requisite 'case or controversy' between" the plaintiff's members and the Commonwealth. The plaintiff's

---

[4]Not only is the plaintiff entitled to such a declaration under G. L. c. 231A, § 1, but in this case a declaration is particularly appropriate because of the confusion created by the first paragraph of 540 Code Mass. Regs. § 22.08, see note 1, *supra*, and because the parties both agreed at oral argument before this court as to the result, namely that the Federal standard governs.

[5]The "as applied" claim was waived by the plaintiff in its argument to the motion judge.

[6]The *Hunt* case, 432 U.S. at 343, indicated that "an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."

"attempt to remedy these injuries . . . is central to [its] purpose" to protect the rights of its members, and neither the claim of preemption nor the request for declaratory relief "requires individualized proof[;] . . . both are thus properly resolved in a group context." *Hunt* v. *Washington State Apple Advertising Commn.,* 432 U.S. at 344.

The plaintiff's claim of preemption rests upon 49 U.S.C. § 30103(b)(1) (1997), which provides as follows:

> "(b) Preemption. — (1) When a motor vehicle safety standard is in effect under this chapter, a State or a political subdivision of a State may prescribe or continue in effect a standard applicable to the same aspect of performance of a motor vehicle or motor vehicle equipment *only if the standard is identical to the standard prescribed under this chapter*" (emphasis supplied).

Instead of following the Federal regulation, 49 C.F.R. § 571.218, which sets forth 2.5 inches as the required number of inches above a certain plane on a cyclist's face, the first paragraph of 540 Code Mass. Regs. § 22.08, see note 1, *supra,* requires 2.36 inches above that plane. It is agreed by all parties that the .14 inch additional requirement of paragraph one of the Massachusetts regulation is a more stringent standard for helmets than the Federal standard.

The Massachusetts regulation, however, contains a second paragraph. That paragraph refers to the Federal standard and was, as the judge noted, enacted subsequent to the passage of the Federal statute. The judge's construction that the second paragraph conforms the regulation to the Federal statute is therefore warranted and is consistent with the "duty [of a court] to construe statutes so as to avoid . . . constitutional difficulties, if reasonable principles of interpretation permit [doing so]" (emphasis omitted). *Blixt* v. *Blixt,* 437 Mass. 649, 674 (2002), quoting from *School Comm. of Greenfield* v. *Greenfield Educ. Assn.,* 385 Mass. 70, 79 (1982).

The judge rightly saw that there was a possible preemption problem and therefore construed the Massachusetts regulation in a manner avoiding conflict. See *Geier* v. *American Honda Motor Co.,* 529 U.S. 861, 865-868 (2000), in which the 1988

version of the National Traffic and Motor Vehicle Safety Act of 1966, which contained a preemption clause very similar to 49 U.S.C. § 30103(b)(1), quoted above, was construed to preempt certain tort claims despite a saving clause stating that "[c]ompliance with any Federal motor vehicle safety standard issued under [the act] does not exempt any person from any liability under common law."[7] 49 U.S.C. § 30103(e). Accordingly, we agree with the judge's construction of the regulation and agree that the regulation does not conflict with Federal law. Compliance with the Federal standard is thus sufficient under the Massachusetts regulation.

The judgment of dismissal shall be modified by adding the following declaration: Notwithstanding the first paragraph of 540 Code Mass. Regs. § 22.08 (1996), compliance with the Federal standard for motorcycle helmets set forth in 49 C.F.R. § 571.218, is, by reason of paragraph two of 540 Code Mass. Regs. § 22.08, sufficient compliance with said Massachusetts regulation.

As so modified, the judgment is affirmed.

*So ordered.*

---

[7] The majority of the Court in *Geier*, 529 U.S. at 866, held that a common law action based on the absence of an airbag would conflict with the objectives of a Federal regulation that gave States a choice among different passive restraint devices. Similarly, we consider that there is a likely conflict between the objectives of the Federal regulation and paragraph one of the Massachusetts regulation even though the latter applies to *wearers* of helmets and the former to *manufacturers* of helmets.