van Gestel, J.
This matter comes before the Court on a motion for a preliminary injunction requested by the plaintiff. The matter sought to be enjoined, preliminarily, is what is called a Dispensing Fee Reduction (the “DFR”), purportedly authorized by Chapter 26 of the Acts and Resolves of 2003, Line Item 4100-0060 (“Line Item 4100-0060”), an outside sec *373 tion of the FY 2004 Budget Act.[1] The plaintiff, Long Term Care Pharmacy Alliance (“LTCPA"), describes itself as “an association of long term care pharmacies including pharmacies in Massachusetts.” It is the sole plaintiff.
Line Item 4100-0060, mandates that
. . . notwithstanding any general or special law to the contrary said division[2] shall set the rate paid for the dispensing fees to retail pharmacies for prescribed drugs to publicly aided or industrial accident patients at $3 beginning in fiscal year 2004.
Also included in the Fiscal Year 2004 Budget, in Chapter 26 of the Acts of 2003, is another outside section numbered 306, reading:
The board [of pharmacy] may, upon application, made in such manner and form as it shall determine, register an establishment for transacting business as a long-term care pharmacy or home fusionist pharmacy, and issue to such entity as it deems qualified to conduct long-term care pharmacy or home fusionist pharmacy, a permit to operate . . . The board, iri consultation with the department of public health shall promulgate regulations pertaining to the operation of long-term care and home fusionist pharmacies in the commonwealth subject to the provisions of section 2 of chapter 30A. Said board shall determine which regulations, applicable to a retail drug business under section 39 shall apply to long-term care or home fusionist pharmacies. .. For purposes of this section, the term long-term care pharmacy shall mean a pharmacy which dispenses pharmaceuticals, sterile intravenous drugs and nutritional products ordered by physicians to patients in nursing homes, assisted living facilities, hospice programs and similar institutional care sites.
The foregoing is now included in G.L.c. 112, Sec. 39C.
The dispensing fee reduction appears in recently promulgated regulations at 114.3 CMR 31.00 etseq.
In order to prevail on its request for a preliminary injunction against the enforcement of the dispensing fee reduction in question, assuming it has standing to do so, LTCPA bears the burden of showing: its likelihood of success on the merits; that it will suffer irreparable harm if the relief sought is not granted; and that its harm, without the relief outweighs any harm to the DHCFP from being enjoined. GTE Products Corp. v. Stewart, 414 Mass. 721, 722-23 (1993); Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980). “When, as here, a party seeks to enjoin governmental action, the [C]ourt also considers whether the relief sought will adversely affect the public.” Tri-Nel Management, Inc. v. Board of Health of Barnstable, 433 Mass. 217, 219 (2001). See also Commonwealth v. Mass. CRINC, 392 Mass. 443, 447 (1983); Biotti v. Board of Selectmen of Manchester, 25 Mass.App.Ct. 637, 640 (1988).
The Court first observes a significant procedural issue. It relates to the identity and standing of LTCPA to bring this action.[3]
LTCPA, in its verified complaint, describes itself in only one place — the second paragraph on the first page — as “an association of long term care pharmacies including pharmacies in Massachusetts.” In no place does LTCPA indicate what it is, e.g., a corporation, a partnership or some other legal entity that can sue or be sued. To that extent its very existence, if any, is unknown.
Further, in Paragraph 1, on page 2 of its complaint, LTCPA says that it “represents the four largest long term care pharmacies in the Commonwealth of Massachusetts — Kindred Pharmacy Services, Omnicare, NeighborCare, and Pharmerica.” The Court assumes the word “represents” means something like “purports to speak for,” assuming, of course, LTPCA is an entiry with a voice.
This Court, apparently unlike others that have handled cases by LTPCA, is more than a little concerned with these status and standing issues.
“ ‘From an early day it has been an established principle in this Commonwealth that only persons who have themselves suffered, or who are in danger of suffering, legal harm can compel the courts to assume the difficult and delicate duty of passing upon the validity of the acts of a coordinate branch of the government.’ Tax Equity Alliance for Mass. v. Commissioner of Rev., 423 Mass. 708, 715 (1996), quoting from Doe v. The Governor, 381 Mass. 702, 704 (1980)." Parella v. Massachusetts Turnpike Authority, 55 Mass.App.Ct. 537, 539 (2002).
The “public right doctrine” sometimes has been used to confer standing. It is, however, insufficient here.
While the public right doctrine has frequently been used as a basis for standing in cases where the procedure used to enact a statute is constitutionally questionable, see Tax Equity Alliance for Mass., Inc. v. Commissioner of Revenue, 401 Mass. 310, 313 (1987) (citizens have standing to raise a challenge to the use of the initiative process); Backman v. Secretary of the Commonwealth, 387 Mass. 549, 554 n.4 (1982) (citizen and qualified voter has standing to challenge enactment procedures); it has not been used to grant standing to plaintiffs bringing substantive constitutional challenges. See Massachusetts Teachers Ass’n v. Secretary of the Commonwealth, 384 Mass. 209, 214-15 (1981) (citizens have standing to challenge the constitutionality of the enactment of a statute, but separate standing is required to challenge substantive provisions).
Tax Equity Alliance for Mass., supra 423 Mass, at 715.
*374 The public right doctrine cannot be used as a basis for standing by LTCPA in this case.
Thus, even assuming LTCPA to have some corporate or other legal entity status giving it existence for purposes of bringing suit in a Massachusetts court, it lacks the standing to bring a claim for harm to third parties — be it its own “members” or those MassHealth patients in Massachusetts nursing homes on whose behalf prescriptions are ordered from and dispensed by LTCPA members.
The foregoing notwithstanding, this Court should, and it will, permit an amendment to the complaint to join or have substituted as a party an alleged long-term health care pharmacy that considers itself a real party in interest in this matter. See, e.g., Vittands v. Sudduth, 49 Mass.App.Ct. 401, 409-10 (2002).
In anticipation of action to join or substitute a real party in interest as a plaintiff in this case, the Court observes that the issue of likelihood of success on the merits is by no means obvious. The two outside sections of the Fiscal Year 2004 Budget leave much to be desired by way of expression about what was meant in Line Item 4100-0060 by the phrase “retail pharmacies,” and whether the designation of “long-term care pharmacy” introduced in outside Section 306 to the same budget is to mean something entirely different. In short, is a “long-term care pharmacy” in Massachusetts to be considered one of many “retail pharmacies” for purposes of the dispensing fee reduction, or is it not? Does Line Item 4100-0060 apply to long-term care pharmacies? Would it be so hard to make that point clear?
Judges are often criticized for their interpretation of statutes. But the whole process would work much better if the General Court would adopt important, and fiscally significant, legislation in the more traditional way, with committee hearings, careful consideration and drafting of the legislative intent in the statutory language chosen, and with ambiguities eliminated and legislative directives made clear. Even then, this particular Court may still not “get it,” but it surely would have a better chance of applying the law as intended if the better clarity produced by the traditional path were followed.
The parties in this case — on both sides — would be well-advised to seek legislative rather than judicial clarification. This Court is not abdicating its role to decide cases. Rather, it is urging that legislation be produced in the Legislature, not in the courtroom.

ORDER

For the foregoing reasons, the plaintiffs motion for a preliminaiy injunction is DENIED.

This Court’s view on the use of “outside sections” of the Massachusetts budget to adopt important legislation was expressed on June 2, 2003, in its Findings, Rulings and Order forjudgment in Allen’s Pharmacy Cape Ann et al. v. Ferguson, Acting Commissioner, Suffolk Superior Court, Civil Action No. 03-1913 BLS, p. 2 n.4 (16 Mass. L. Rptr. 336). The present case does little to change that view.

The “division” is the Massachusetts Division of Health Care Finance and Policy (“DHCFP”).

Counsel for LTCPA says that he can substitute a “long-term care pharmacy” as a plaintiff instantly.