van Gestel, J.
This matter comes before the Court on a motion for reconsideration of an Order denying a motion for a preliminary injunction requested by the plaintiff [17 Mass. L. Rptr. 372]. The denial was predicated on two grounds, one procedural and one legal.
*538 The procedural ground related to the existence, and therefore standing, of the plaintiff, Long Term Care Pharmacy Alliance (“LTCPA”). As stated in the Order at page three:
LTCPA, in its verified complaint, describes itself in only one place — the second paragraph on the first page — as “an association of long term care pharmacies including pharmacies in Massachusetts.” In no place does LTCPA indicate what it is, e.g., a corporation, a partnership or some other legal entity that can sue or be sued. To that extent its very existence, if any, is unknown.
As support for its motion to reconsider, LTCPA cites to cases applying the “associational standing doctrine,” particularly Modified Motorcycle Ass’n of Mass. v. Commonwealth, 60 Mass.App.Ct. 83 (2003), and Animal Defense Fund, Inc. v. Fisheries & Wildlife Bd., 416 Mass. 635 (1993). But in both of those cases the plaintiff association was a corporation. This Court is well aware that a corporation is an entity that can sue and be sued. Nothing in the complaint as filed in this case gave that information to the Court about LTCPA.
The Superior Court is hugely underfunded and under-supported and yet fully expected to do its work correctly and with care. It should not have to attempt to determine a factor as straight forward and vital to a claim as whether the plaintiff exists as an entity having the capacity to sue or be sued. This is particularly so when the undescribed entity seeks the extraordinary relief of a preliminary injunction against the Government. See Parella v. Mass. Tpke. Auth., 55 Mass.App.Ct. 537, 539 (2002).
Accompanying the motion for reconsideration is an affidavit of the Executive Director of LTCPA that identifies — for the first time — that LTCPA is a “Delaware limited liability company . . . capable of. . . suing and being sued.” It would have been helpful to this Court if those ten words somehow had found their way into the original verified complaint, or even “LLC.”
There also accompanied the motion for reconsideration an amended complaint which alleges the Delaware-limited-liability-company existence of the LTCPA and adds as parties plaintiff those particular long-term care pharmacies who claim irreparable injury. LTCPA is permitted one free filing of an amended complaint in the present posture of this case. Mass.R.Civ.P. Rule 15(a). This amendment cures any status/standing issue.
There remains, however, the issue of likelihood of success on the merits. This issue is clouded by the uncertainty as to the legislative intent regarding what was meant in Line Item 4100-0060 by the phrase “retail pharmacies,” and whether the designation of “long-term care pharmacy” introduced in outside Section 306 to the same budget is intended to mean something entirely different. As noted in the original Order, this is an issue that can readily be clarified by the Legislature, and this Court continues to believe that legislation is the task and responsibility of the General Court, not the Superior Court.
The motion for reconsideration is, therefore, DENIED.