# STATEWIDE TOWING ASSOCIATION, INC. *VS.* CITY OF LOWELL & others.[1]

No. 06-P-857.

Middlesex. February 8, 2007. - April 27, 2007.

Present: GELINAS, McHUGH, & KATZMANN, JJ.

*Practice, Civil,* Parties, Standing, Declaratory proceeding.

In a civil action against a municipality and certain towing companies, the judge did not err in dismissing, sua sponte, a claim of violation of G. L. c. 159B, §§ 6A and 19, against the towing companies, where the named plaintiff, a nonprofit organization and its unspecified members, failed to show that it had associational standing to pursue the claim [793-795]; likewise, the judge properly dismissed a claim that the municipal towing contract at issue constituted an impermissible tax on vehicle owners, where the plaintiff did not set forth in its complaint that it brought its claim on behalf of ten taxable (and named) inhabitants of the municipality [795-796].

CIVIL ACTION commenced in the Superior Court Department on May 9, 2005.

A motion to dismiss was heard by *Kenneth J. Fishman,* J., and entry of judgment was ordered by him.

*Michael P. McGovern,* of Tennessee (*Arthur M. White* with him) for the plaintiff.

*Christine P. O'Connor,* City Solicitor, for city of Lowell.

KATZMANN, J. The plaintiff, Statewide Towing Association, Inc. (Statewide), filed a complaint against the city of Lowell (city) and certain towing companies, seeking a declaratory judgment, pursuant to G. L. c. 231A, § 1, and injunctive relief, pursuant to G. L. c. 214, § 1. Count I alleges that the towing contracts executed between the city and the defendant towing

---

[1] Paul Demers, doing business as Paul Demers Towing and Service; Guilbicki's Towing and Service, Inc.; Stuart's Automotive, Inc.; Geoffroy's Gulf Station, Inc.; Kazanjian's Garage, Inc.; and Jon Kazanjian Automotive Repair Shop, Inc.

companies are void because they violate G. L. c. 159B, §§ 6A and 19, and are contrary to public policy. Count II alleges that a provision in the contracts constitutes an impermissible tax on vehicle owners. The towing companies and the city answered the complaint. The city then filed a motion to dismiss, which a Superior Court judge allowed as to both counts against the city. In reaching this decision, the judge also sua sponte dismissed counts I and II as to the defendant towing companies.[2] Statewide filed a notice of appeal.

On appeal, Statewide asserts (1) that the judge erred in sua sponte dismissing count I as to the towing company defendants; and (2) that the judge erred in dismissing count II as to all defendants. As we conclude that Statewide lacks standing to pursue relief for counts I and II, we affirm the judgment.

*Background.* The city contracts with towing companies to provide involuntary towing services when needed by the Lowell Police Department in the course of its official duties.[3] In December, 2004, the city issued a "Request for Information" (RFI) seeking responses from towing contractors interested in providing towing services. The RFI sought information from potential towing contractors, including the amount of consideration a contractor would provide to the city on a per tow basis.[4]

Various towing contractors responded, indicating specific dollar amounts they were willing to pay to the city per vehicle in consideration for a contract.[5] Thereafter, the chief of police of the

---

[2]The judge dismissed count I as to the towing company defendants in the section of the order denying Statewide's application for a preliminary injunction, explaining that because the city is not a person within the meaning of G. L. c. 159B, the statute does not regulate the contracts entered into between the city and the defendant towing companies.

[3]Involuntary towing is sometimes needed in relation to a motor vehicle accident, the recovery of a stolen or abandoned vehicle, or the arrest of the driver of a vehicle.

[4]Paragraph 18 of the RFI states: "Please state in consideration of this contract what dollar amount, if any, you and/or your firm would provide to the City of Lowell per tow . . . . The City specifically reserves the right to negotiate the amount to be provided to the City, per tow, with each contractor as a condition to awarding a contract to any towing entity."

[5]The consideration is paid in addition to a $10 administrative fee. Contractors pay the administrative fee for each tow rendered to cover the costs of dispatching, record-keeping, and other expenses incurred by the city in administering

city awarded contracts to six towing companies[6] and designated each company to one of six geographical towing zones. Each contract was for a one-year term from January 1, 2005, to December 31, 2005, with a discretionary one-year renewal expiring on December 31, 2006.[7]

Regulations established by the Department of Telecommunications and Energy limit the maximum base rate of an involuntary tow to ninety dollars. All of the six towing contractors charge the maximum base rate. The consideration paid to the city, as set out in paragraph 18, comes out of this ninety-dollar rate.

The complaint alleges that Statewide is a Massachusetts nonprofit corporation. It further alleges that it is a membership association of Massachusetts businesses engaged in towing disabled and wrecked vehicles. Its membership includes unspecified towing companies with principal places of business in Lowell. The complaint also alleges that "[t]he contracts issued pursuant to the RFI raise important issues of statewide concern and the economic interests of [Statewide] members have been, or likely will be, adversely [a]ffected. The association has standing to bring this action because its members have standing to bring this suit, the issues are germane to the association's purpose, and the claim is one for declaratory judgment."

*Discussion.* 1. *Count I.* In count I, Statewide alleges that the payment of sums of money from the towing contractors to the city violates the statute regulating motor carriers of property, and constitute a prohibited kickback or referral fee, in violation of G. L. c 159B, §§ 6A and 19.[8] In dismissing count I as to the defendant towing companies, the judge reasoned that because

the towing program. The fee may be added to the ninety dollar base towing rate charged to the vehicle owner.

[6]The contracts were awarded as follows: (Zone 1) Paul Demers, doing business as Paul Demers Towing & Service, $1.10 per vehicle; (Zone 2) Gulbicki's Towing and Service, Inc., $1.07 per vehicle; (Zone 3) Stuart's Automotive, Inc., $1.50 per vehicle; (Zone 4) Geoffroy's Gulf Station, Inc., $1.10 per vehicle; (Zone 5) Kazanjian's Garage, Inc., $1.07 per vehicle; and (Zone 6) Jon Kazanjian Automotive Repair Shop, Inc., $22 per vehicle.

[7]During oral argument, the parties agreed that the contracts at issue in this proceeding expired on December 31, 2006, but that the provision at issue (paragraph 18) is also included in the new contracts now in effect.

[8]General Laws c. 159B, § 6A, inserted by St. 1955, c. 353, § 2, provides, in relevant part, that "no [common] carrier [by motor vehicle] shall refund or

the city is not a "person" within the meaning of G. L. c. 159B, the city's contracts with the towing companies are not subject to regulation under G. L. c. 159B, §§ 6A and 19. As Statewide conceded in Superior Court that the city is not a "person" within the meaning of G. L. c. 159B, § 2, the only issue on the merits as to count I is whether, in fact, the judge appropriately determined that G. L. c. 159B, §§ 6A and 19, do not regulate the consideration paid by the defendant towing companies to the city pursuant to contract. We do not now reach this substantive issue, however, because we conclude that Statewide has not met the criteria for standing required to pursue this claim against both the city and the towing companies. Hence, we affirm the judgment as to count I.

"We treat standing as an issue of subject matter jurisdiction," *Ginther* v. *Commissioner of Ins.*, 427 Mass. 319, 322 (1998). We must take note of the absence of standing, whenever it appears. *Litton Bus. Sys., Inc.* v. *Commissioner of Rev.*, 383 Mass. 619, 622 (1981). See Mass.R.Civ.P. 12(h)(3), 365 Mass. 757 (1974). Where a nonprofit organization asserts associational standing on behalf of its members, it must establish that its members would independently have standing to pursue the claim. *Animal Legal Defense Fund, Inc.* v. *Fisheries & Wildlife Bd.*, 416 Mass. 635, 638 n.4 (1993). Thus, Statewide must demonstrate that the "challenged action" has caused its independent members injury. *Slama* v. *Attorney Gen.*, 384 Mass. 620, 624 (1981).

In the present case, Statewide has merely alleged that its constituents include unspecified towing companies based in Lowell. The allegations in the complaint, however, do not establish the identity of Statewide's members or whether Statewide's members actually participated in the bidding process,

remit in any manner or by any device, directly or indirectly, or through any agent or broker or otherwise, any portion of the rates or charges so specified, or extend to any person any privilege or facility for transportation except such as are specified in its tariffs."

General Laws c. 159B, § 19, as amended by St. 1949, c. 187, provides, in relevant part, that "no person, whether carrier, shipper, cosignee, or broker, or any officer, employee, agent, or representative thereof, shall . . . knowingly offer, grant or give, . . . any rebate, concession or discrimination in violation of any provision of this chapter . . . ."

or that their rights were demonstrably affected by paragraph 18. See *Enos* v. *Secretary of Envtl. Affairs*, 432 Mass. 132, 135 (2000). Cf. *Modified Motorcycle Assn. of Mass., Inc.* v. *Commonwealth*, 60 Mass. App. Ct. 83, 85-86 (2003) (representative standing accorded where complaint alleges that unspecified individual members were actually injured by the helmet regulation, i.e., that police stopped drivers for noncompliance). They do not show that the unspecified towing companies were actually injured by the inclusion of paragraph 18 in the RFI for the expired 2005-2006 contracts or in the contract purportedly in effect. See *Burlington* v. *Bedford*, 417 Mass. 161, 164 (1994) ("Only persons who have themselves suffered, or who are in danger of suffering" have standing); *Sullivan* v. *Chief Justice for Admn. & Mgmt. of the Trial Ct.*, 448 Mass. 15, 21 (2006) ("The complained-of injury must be a direct and ascertainable consequence of the challenged act"). Speculative injuries are insufficient to confer standing. *Ginther* v. *Commissioner of Ins.*, 427 Mass. at 323. In short, Statewide has not shown that it has the associational standing to pursue this claim.

We also note that a prayer for declaratory relief does not vitiate the requirements of standing. See *Doe* v. *The Governor*, 381 Mass. 702, 704 (1980); *Enos* v. *Secretary of Envtl. Affairs*, 432 Mass. at 135 ("G. L. c. 231A does not provide an independent statutory basis for standing"). Similarly, as Statewide is not seeking to compel the city to perform a duty required by law (but rather seeking to invalidate a contractual provision to which it is not a party), it does not have separate standing under the public rights doctrine. *Perella* v. *Massachusetts Turnpike Authy.*, 55 Mass. App. Ct. 537, 539-540 (2002). Lastly, where the Legislature has intended to confer private attorney general rights, it has done so expressly. *Local 1445, United Food & Commercial Wkrs. Union* v. *Police Chief of Natick*, 29 Mass. App. Ct. 554, 558 (1990). These rights are not present in G. L. c. 159B, § 6A or § 19.

2. *Count II.* Statewide alleges that paragraph 18 amounts to an unlawful tax on vehicle owners whose vehicles are involuntarily towed. Before we can reach the merits of count II, we must analyze whether Statewide has standing to pursue this claim under G. L. c. 40, § 53. As we conclude that Statewide

did not comply with G. L. c. 40, § 53, we affirm the judgment as to count II.

Pursuant to G. L. c. 40, § 53, as appearing in St. 1969, c. 507, "[i]f a town . . . or any of its officers or agents are about to raise . . . money[9] . . . in any manner other than that for and in which such town . . . has the legal and constitutional right and power to raise . . . money . . . , the supreme judicial or superior court may, upon petition of not less than ten taxable inhabitants[10] of the town . . . determine the same in equity, and may, before the final determination of the cause, restrain the unlawful exercise or abuse of such corporate power." "Proceedings brought against municipal officers to prevent . . . the abuse of corporate power in raising money by taxation in a manner not authorized by law do not come within the general principles of equity jurisprudence, and the right to bring and maintain such proceedings is measured entirely by [G. L. c. 40, § 53,] itself." *Amory* v. *Assessors of Boston*, 310 Mass. 199, 200 (1941), and cases cited. See *Pratt* v. *Boston*, 396 Mass. 37, 42 (1985). Statewide postured this case as on behalf of a nonprofit organization and its unspecified members and, as such, did not set forth in its complaint that it is bringing count II on behalf of ten taxable (and named) inhabitants of the city.[11] We therefore conclude that Statewide does not have standing under G. L. c. 40, § 53, to pursue this claim, and affirm the dismissal of count II.

*Judgment affirmed.*

---

[9]The phrase "to raise money" as applied to a municipality commonly means to raise by taxation. *Pratt* v. *Boston*, 396 Mass. 37, 44 (1985).

[10]" '[I]nhabitants' are natural persons, and do not include corporations. . . . An 'inhabitant' of the city must have his domicile or residence there. . . . The 'taxable inhabitant' must also be adversely affected by the action complained of." *Litton Bus. Sys., Inc.* v. *Commissioner of Rev.*, 383 Mass. at 622.

[11]At oral argument, counsel for Statewide acknowledged this jurisdictional defect. Furthermore, our docket and the Superior Court docket do not indicate that Statewide made any attempt to amend the complaint to comport with the jurisdictional requirements of G. L. c. 40, § 53. Compare *Litton Bus. Sys., Inc.*, 383 Mass. at 622-624.