NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

22-P-754                                        Appeals Court

CHILDREN'S HEALTH RIGHTS OF MASSACHUSETTS, INC.  vs.  BELMONT PUBLIC SCHOOL DISTRICT & another.[1]


No. 22-P-754.

Bristol.     March 2, 2023. – June 23, 2023.

Present:  Vuono, Sullivan, & Singh, JJ.


School and School District.  Public Health, Immunization.
     Constitutional Law, Standing.  Practice, Civil, Standing,
     Preliminary injunction.  Declaratory Relief.



     Civil action commenced in the Superior Court Department on February 16, 2022.

     A motion for a preliminary injunction was heard by William M. White, Jr., J.


     Brian Unger for the plaintiff.
     Megan B. Bayer for Belmont Public School District.
     Nina L. Pickering-Cook for Cambridge Public School District.

_____

     [1] Cambridge Public School District.  Because the name of this defendant is unclear, we use the defendant's name as it appears in the Superior Court complaint.

SULLIVAN, J.  Children's Health Rights of Massachusetts, Inc. (CHRM) appeals from an order denying its motion for a preliminary injunction, a motion that sought to enjoin COVID-19 vaccination policies to the extent applicable to participation in extracurricular activities in the public schools in the town of Belmont and the city of Cambridge.[2]  We affirm.

Background.  The allegations of the verified complaint are as follows.  CHRM is a Massachusetts nonprofit corporation whose members include parents of children who attend the Belmont and Cambridge public schools (school districts).  In October 2021, each of the school districts approved a policy requiring all age-eligible students to receive a COVID-19 vaccine approved by the Food and Drug Administration as a condition of participation in extracurricular activities.  Under each school district's policy, students aged twelve and over who were not vaccinated were barred from participating in extracurricular activities.  The vaccination policies included medical and religious exemptions, as well as other exemptions.

CHRM filed its verified complaint and contemporaneous motion seeking a declaratory judgment and injunctive relief

---

[2] The motion was brought as a motion for a temporary restraining order or, in the alternative, a preliminary injunction.  We treat this as a denial of a motion for preliminary injunction for purposes of our appellate jurisdiction.  G. L. c. 231, § 118, second par.

pursuant to G. L. c. 231A, § 2.  CHRM alleged that (1) the school districts lacked authority to pass what it described as vaccine mandates, (2) the policies were preempted by the Department of Public Health's infectious disease regulatory scheme, and (3) the policies violated parents' rights to due process and to direct the care of their children under art. 1 and art. 12 of the Massachusetts Declaration of Rights.  A judge of the Superior Court denied the motion for the reason that, among others, CHRM did not "identify a plaintiff member, or child of the plaintiff's membership who was harmed by the policies of either defendant."

Discussion.  "We review the grant or denial of a preliminary injunction to determine whether the judge abused [his] discretion, that is, whether the judge applied proper legal standards and whether there was reasonable support for [his] evaluation of factual questions."  Lieber v. President & Fellows of Harvard College (No. 2), 488 Mass. 816, 821 (2022), quoting Commonwealth v. Fremont Inv. & Loan, 452 Mass. 733, 741 (2008).  "A preliminary injunction will not be granted if the moving party cannot demonstrate a likelihood of success on the merits."  Lieber, supra at 821-822.

The motion was decided on the verified pleadings and affidavits submitted by the school districts.[3]  On appeal CHRM asserts that it has two bases for standing.  First, CHRM contends that no showing of injury is required because it has raised constitutional claims.  Second, CHRM claims it has associational standing because its members include the parents of children who are subject to the school districts' policies.

"The declaratory judgment act, G. L. c. 231A, § 1, authorizes courts to make 'binding declarations of right, duty, status and other legal relations,'" Kligler v. Attorney Gen., 491 Mass. 38, 44-45 (2022), and "may be used in the superior court to enjoin and to obtain a determination of the legality of the administrative practices and procedures of any municipal . . . agency or official wh[en] practices or procedures are alleged to be in violation of the Constitution of the United States or of the constitution or laws of the commonwealth," G. L. c. 231A, § 2.  However, "[s]uch relief is appropriate only if a plaintiff can demonstrate . . . the requisite legal standing to secure its resolution" (quotation and citations omitted).  Kligler, supra at 44.

---

[3] CHRM did submit affidavits, subject to a motion to strike, as to which there was no ruling evident on the docket.  The affidavits challenged the efficacy and safety of the vaccines but did not contain facts that showed an injury to members of CHRM or their children.

"It is settled that G. L. c. 231A does not provide an independent statutory basis for standing." Enos v. Secretary of Envtl. Affairs, 432 Mass. 132, 135 (2000). This principle applies with equal force to constitutional claims. "A party has standing when it can allege an injury within the area of concern of the statute, regulatory scheme, or constitutional guarantee under which the injurious action has occurred." Doe No. 1 v. Secretary of Educ., 479 Mass. 375, 386 (2018). While standing under the declaratory judgment act is to be "liberally construed and administered," G. L. c. 231A, § 9, CHRM must, for purposes of a motion for a preliminary injunction, demonstrate a likelihood of success on the merits that one of its members is at actual risk of harm. Declaratory judgment "proceedings are concerned with the resolution of real, not hypothetical, controversies; the declaration issued is intended to have an immediate impact on the rights of the parties." Galipault v. Wash Rock Invs., LLC, 65 Mass. App. Ct. 73, 84 (2005), quoting Massachusetts Ass'n of Indep. Ins. Agents & Brokers, Inc. v. Commissioner of Ins., 373 Mass. 290, 292 (1977). CHRM's claims properly fall within the ambit of G. L. c. 231A, but it is incorrect in its assertion that it need not allege or show a particularized injury.

"Where a nonprofit organization asserts associational standing on behalf of its members, it must establish that its

members would independently have standing to pursue the claim."
Statewide Towing Ass'n, Inc. v. Lowell, 68 Mass. App. Ct. 791,
794 (2007).[4]  Here, the sole allegation of the complaint is that
"CHRM has members in its organization who have children in the
Cambridge and Belmont Public School Districts and are subject to
the Districts' vaccine mandates."  CHRM has not alleged that any
of its members' children were harmed or are at risk of harm.
There are no allegations that unwilling parents were compelled
to vaccinate their children in order that the children might
participate in extracurricular activities, that any children
were excluded from extracurricular activities due to their
vaccination status, that any parent applied for and was denied
an exemption from the vaccination requirements, that any parent
applied for and was denied a waiver of either policy, or that
any member of CHRM has a child who wants to participate in
extracurricular activities and will be prevented from doing so
by either policy.

Relying on Entergy Nuclear Generation Co. v. Department of
Envtl. Protection, 459 Mass. 319, 326-327 (2011) (Entergy), our
dissenting colleague posits that if the parents and children
here are subject to policies that the municipalities are without

---

[4] CHRM has not claimed that it suffered a direct injury as
an entity.  Cf. Service Employees Int'l Union, Local 509 v.
Department of Mental Health, 469 Mass. 323, 329 (2014) (labor
union claimed direct injury to its statutory right to bargain).

authority to promulgate, the parents should not be put to the choice of vaccinating a child whom they do not wish to vaccinate or risking the child's exclusion from extracurricular activities.  Even if we were to agree, the complaint still does not contain even a general allegation that any member of CHRM has a child who wants to participate in extracurricular activities and will be prevented from doing so by either policy.[5] In the absence of an allegation that there is even one child from each municipality who is not only covered by the policy, but wants to participate in extracurricular activities without

---

[5] In Entergy, 459 Mass. at 326, the defendant did not contest standing.  In dicta, the Supreme Judicial Court stated that the nuclear power plant operator had standing to challenge a regulation asserting the authority of the Department of Environmental Protection to regulate components of industrial facilities that withdraw water from surface waterbodies under the Clean Waters Act, G. L. c. 21, §§ 26-53.  The court concluded that, as a regulated entity, Entergy had standing to challenge a regulation that "affects the party's primary conduct even if that regulation has not been enforced against that party," because "[p]arties clearly targeted by a regulation should not be precluded entirely from challenging its legality." Entergy, supra at 327.  We do not think the dicta in a case involving a highly regulated industry is applicable to the promulgation of a school policy involving public health and safety.  Moreover, in this case, the population of children "targeted" by the policies are those who wish to participate in extracurricular activities.  For this reason, it is appropriate to require that the plaintiff allege that there is at least one child of a member parent in each municipality who wants to participate in extracurricular activities but will be prevented from doing so by the applicable policy.

being vaccinated, the verified complaint failed to establish standing.

"Persons who ask a court to 'assume the difficult and delicate duty of passing upon the acts of a coordinate branch of the government' must demonstrate that they suffer or are in danger of suffering some particularized legal harm." <u>Local 1445, United Food & Commercial Workers Union</u> v. <u>Police Chief of Natick</u>, 29 Mass. App. Ct. 554, 559 (1990), quoting <u>Kaplan</u> v. <u>Bowker</u>, 333 Mass. 455, 459 (1956).  CHRM's failure to allege any particularized harm or risk of harm to its members bars its claim of associational standing.

The order denying the motion for a preliminary injunction is affirmed.[6]

<u>So ordered</u>.

---

[6] In light of our disposition, we need not rule on the town of Belmont's argument that, because it has suspended its policy, the case is moot as to it.

SINGH, J. (dissenting).  The plaintiff appeals from the denial of its motion to preliminarily enjoin the Belmont and Cambridge public school districts (school districts) from enforcing COVID-19 vaccine policies enacted by them, while seeking a declaration regarding the validity of those policies. I disagree that the judge's decision must be affirmed on the basis that the plaintiff has failed to establish standing.[1]

By its complaint, the plaintiff seeks a declaration that the school districts have exceeded their authority[2] in mandating that all age-eligible school children in their districts receive COVID-19 vaccines or else be excluded from extracurricular activities.  The Cambridge school district policy states that, by a date certain, "all age eligible students must be vaccinated."  Both of the school district policies prohibit unvaccinated students from participating in extracurricular activities, which may include athletics, student government, visual and performing arts, clubs, and social events.

Standing to seek declaratory relief "exists where a party alleges a legally cognizable injury within the area of concern

---

[1] In his ruling, the judge did not mention "standing," but did refer to the absence of identified harmed parties.

[2] The verified complaint generally alleges that school committees have only limited authority to enact student health policies (which authority does not include imposing vaccine requirements) and that the area of student vaccine requirements is preempted by regulations enacted by public health agencies.

of the statute at issue." Entergy Nuclear Generation Co. v. Department of Envtl. Protection, 459 Mass. 319, 326 (2011) (Entergy). Here, the verified complaint alleges that members of the plaintiff nonprofit corporation have children in the school districts who "are subject to the Districts' vaccine mandates," and "those mandates apply to [plaintiff] members' children." These allegations establish that the plaintiff's interest is within the area of concern of the policy at issue. See id. at 326-327 (as party regulated by State Clean Waters Act, plaintiff's interest clearly fell within act's area of concern). Cf. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561-562 (1992) (when suit is one challenging legality of government action, nature and extent of facts that must be averred in order to challenge standing depends considerably upon whether plaintiff is himself object of action; if he is, there is ordinarily little question that action has caused him injury).

The verified complaint further alleges that the COVID-19 vaccine policies adopted by the school districts violate the parents' constitutional rights to direct the care and upbringing of their children, including the right to make health care decisions for their children.[3] These allegations suffice to make

---

[3] The verified complaint cites to State and Federal case law indicating that these rights are rooted in the State and Federal Constitutions.

out a legally cognizable injury.  That the verified complaint does not allege that any child of plaintiff members was excluded from any extracurricular activity does not deprive the plaintiff of standing to challenge the school districts' authority to promulgate such policies.  See Entergy, 459 Mass. at 327 ("regulated party has standing to challenge the promulgation of a regulation that affects the party's primary conduct even if that regulation has not been enforced against that party").  Cf. Abbott Labs. v. Gardner, 387 U.S. 136, 151 (1967) (plaintiffs subject to regulation had standing to challenge it even though Attorney General had yet to authorize criminal and seizure actions for violation of relevant statute).

Parents of a child in a school district that mandates a COVID-19 vaccine in order for the child to participate in extracurricular activities are faced with a dilemma if the parents do not believe that it is in the best interests of their child to receive such a vaccine:  allow the child to be vaccinated against their better judgment in order to secure for their child the full public school educational experience, complete with athletics, student government, musical groups, clubs, plays, dances, homecoming and prom; or maintain their judgment not to have the child vaccinated and thereby deprive the child of all of these experiences that their vaccinated classmates are privileged to enjoy.  If the school districts, in

fact, have no authority to promulgate such policies, then the parents should not have to face this dilemma. See Entergy, 459 Mass. at 327 (court observed that, if plaintiff had no standing to challenge regulation, it would either have to comply with requirement it believed unlawfully imposed, potentially to its financial detriment, or violate requirement and face penalties, and noted that "[o]ur laws on standing are not intended to produce such a Hobson's choice").

The standing requirement for a declaratory judgment action is to be "liberally construed," in order to effectuate its purpose, which is "to remove, and to afford relief from, uncertainty and insecurity with respect to rights, duties, status and other legal relations." G. L. c. 231A, § 9. See Massachusetts Ass'n of Indep. Ins. Agents & Brokers, Inc. v. Commissioner of Ins., 373 Mass. 290, 292 (1977). "[T]he declaration issued is intended to have an immediate impact on the rights of the parties." Id. Here, a declaration concerning the authority of the school districts to enact their COVID-19 vaccine policies would remove, and afford relief from, uncertainty and insecurity with respect to these policies and would have an immediate impact on the rights of the parties. See Lujan, 504 U.S. at 561-562 (when suit is brought by one who is object of challenged government action, there is ordinarily

little question that judgment preventing action will redress it).

The school districts' policies at issue in this case mandate that "all age eligible students must be vaccinated." The targets of the policies are "all age eligible students" and punishment for noncompliance is exclusion from extracurricular activities.  The complaint seeks to invalidate the entire policies, and not simply the punishment.  All age-eligible students required to get the vaccine are targets of the policies.  Cf. Abbott Labs., 387 U.S. at 154 ("there is no question in the present case that petitioners have sufficient standing as plaintiffs:  the regulation is directed at them in particular").  "Parties clearly targeted by a regulation should not be precluded entirely from challenging its legality." Entergy, 459 Mass. at 327.  As the plaintiff consists of members who have children in the school districts who are subject to the policies, and who are the very targets of the policies, the plaintiff has standing to challenge the policies alleged to have been enacted in an excess of authority.

I respectfully dissent.